HENRY LUDEKE

*v.*

BLISS SUTHERLAND.

1. PAROL EVIDENCE — *to contradict written agreement.* The general rule is well established that antecedent or contemporaneous parol agreements or declarations can not be received to contradict or vary the terms of a valid written agreement; but this does not forbid the contradiction of mere recitals as to the consideration of a deed by parol, where the party is not on other principles estopped to deny such recitals.

2. This rule does not prohibit the establishment by parol of an agreement for the sale of land, although a deed and notes may have been executed in part performance of such parol agreement. In such case the parol agreement remains in full force, and may be proved by parol, unless the proof varies or modifies the terms and legal effect of the writings.

3. Where a tract of land was sold as containing 140 acres, at a given sum per acre, and a deed made conveying the same, and the purchaser gave his note, secured by deed of trust, for the unpaid price, it being verbally agreed, before the execution of the writings, that if the land, on a survey, should contain more than 140 acres, the purchaser should pay for such excess, and if it

fell short the seller should pay for the deficit at the same price per acre for which the land was sold, it was *held*, that a recovery could be had for any excess in the number of acres in the land, and that parol evidence of the contract was admissible.

APPEAL from the Circuit Court of Kankakee County; the Hon. N. J. PILLSBURY, Judge, presiding.

Mr. HARRISON LORING, for the appellant.

Mr. WILLIAM POTTER, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The hypothesis upon which appellee recovered judgment against appellant in the circuit court may be stated thus:

Sutherland, owning a tract of land, negotiated with Ludeke for the sale of the land to Ludeke. The land was supposed to contain about 140 acres, and a sale was verbally agreed upon between the parties, about October 24, 1874, at the agreed price of $27 per acre; and the parties agreed further that Sutherland would at once convey the land to Ludeke, and that Ludeke would, at the delivery of the deed, pay to Sutherland $500, and at the same time execute to Sutherland his promissory notes for the balance of the price (assuming the quantity for that purpose to be 140 acres), and secure the payment of the notes by a trust deed to Sutherland upon the property sold; and that at their convenience thereafter the land sold should be surveyed, and if found to contain less than 140 acres, Sutherland should pay Ludeke for the deficit at the rate of $27 per acre; and if found to contain more than 140 acres, then Ludeke should pay Sutherland for such excess at the same rate per acre. In pursuance of that verbal agreement, and on the same day, Sutherland did convey the land for and in consideration of $3780. In the description of the land he used the words "containing 140 acres more or less." At the same time Ludeke accepting this deed paid the $500, and executed his promissory notes to Sutherland for

the balance of $3,780 left after deducting the $500; and also executed a trust deed upon the property, securing the payment of the notes. In May, 1875, the land was surveyed and found to contain 8 74-100 acres in excess of 140 acres. Appellee brought *assumpsit* for the price of this excess, and obtained verdict and judgment.

It is insisted by appellant that this contract of sale was reduced to writing by the making of the deed, the notes and deed of trust, and that all previous verbal agreements were merged in the writing. Appellee insists that the agreement as to the survey, and payment for the deficit or excess, was an independent, collateral agreement, and was not merged in the writings, and that the recitals in the writings as to the price or consideration are no part of the contract of the parties, and may be contradicted. Appellant insists that while such recitals as to the fact of the payment of the price may be contradicted, as might a receipt for money, still, that a written statement as to the price, consideration, or terms of a contract can not be contradicted or varied by parol.

The general rule is well established that antecedent or contemporaneous parol agreements or declarations can not be received to contradict or vary the terms of a valid written agreement. This, however, does not forbid the contradiction by parol evidence of mere recitals as to the consideration of a deed where the party is not, on other principles, estopped to deny such recitals; nor does this rule forbid the establishment by parol of an agreement, although a deed and notes may have been executed in part performance of such parol agreement. In such case the verbal agreement remains an integer in full force, and may be proved by parol, unless the parol proofs tend to vary or modify the terms and legal effect of the writings which have been made in part fulfillment of the original agreement. And the varying or contradiction of a recital in the writing as to the consideration on which it rests, or as to the receipt of the consideration, will not be regarded as

varying or contradicting the terms or legal effect of such writing.

In the case at bar the deed does not purport to embody the contract of the parties ; it simply conveys the land in question in part fulfillment of the parol agreement. The statement of the consideration is in no sense a part of the terms of the deed, except in so far as it estops the maker from denying the effective force of the conveyance, upon the allegation that it was without consideration.

The notes and mortgage do not purport to state the terms of the bargain. They are made, in pursuance of the agreement, as part performance for the mere purpose of securing part of the purchase money. We think the objections of appellant in this regard can not properly be sustained. The statute of frauds was not pleaded, and need not be considered.

As to the truth of the hypothesis of the appellee, that was submitted to the jury. The evidence was contradictory. If the jury believed the testimony of plaintiff and his witnesses, his position was sustained. We find no sufficient ground in this record to disturb the verdict or judgment.

*Judgment affirmed.*