GREEN, Respondent, vs. BATSON, Appellant.

*February 2 — February 28, 1888.*

*Vendor and purchaser of land: Deed: Parol warranty of quality: Recoupment.*

> Though a deed conveying land contains only the usual covenants, a
> warranty as to the *quality* of the land, which was a part of the
> prior or contemporaneous agreement of sale, may be shown by
> parol; and damages for a breach of such warranty may be re-
> couped in an action by the grantor upon a note given for a part of
> the purchase price.

APPEAL from the Circuit Court for *Green Lake* County. The facts are stated in the opinion.

For the appellant there was a brief by *Runals & Dunlap,* attorneys, and *Geo. E. Sutherland,* of counsel, and oral argument by *Mr. Sutherland.* Besides the cases referred to in the opinion, they cited *Frey v. Vanderhoof,* 15 Wis. 401; *Thomas v. Hammond,* 47 Tex. 42; *Graves v. Graves,* 45 N. H. 323; *Ballston Spa Bank v. Marine Bank,* 16 Wis. 136.

The cause was submitted for the respondent on the brief of *Waring, Eichstaedt & Niskern.* They contended, *inter alia,* that the circuit court was justified in holding that the contract between the parties was reduced to writing and that the writing must be presumed to contain the whole contract. *Hubbard v. Marshall,* 50 Wis. 322; *Hei v. Heller,*

53 id. 415; *Yenner v. Hammond*, 36 id. 278; *Wiener v. Whipple*, 53 id. 298, and cases cited; *Lowber v. Connit*, 36. id. 180; *Van Ostrand v. Reed*, 1 Wend. 424. The deed contained several covenants of warranty, and it was not competent to add to these by parol. *Merriam v. Field*, 24 Wis. 640; *Frost v. Blanchard*, 97 Mass. 155; *Whitmore v. South Boston Iron Co.* 2 Allen, 52, 58; *Cunningham v. Hall*, 4 id. 268, 272; *Wiener v. Whipple*, 53 Wis. 298, 304; *Shepherd v. Gilroy*, 46 Iowa, 193; *Merriam v. Field*, 24 Wis. 640; *Shultz v. Coon*, 51 id. 416; *Yenner v. Hammond*, 36 id. 277; .*Cooper v. Cleghorn*, 50 id. 113; 2 Benj. on Sales, 821; Story on Cont. (5th ed.), 514; 1 Pars. on Cont. 589;. Story on Sales, 445; 2 Phillips on Ev. (Cowen & Hill), note 494; *Smith v. Williams*, 1 Murphey (N. C.), 426;. *Wren v. Wardlaw*, Minor (Ala.), 363; *Mumford v. M'Pherson*, 1 Johns. 414; *Thompson v. Libby*, 34 Minn. 374; *Hutton v. Maines*, 68 Iowa, 650; *Marsh v. McNair*, 99 N. Y. 180;. *Corse v. Peck*, 102 id. 513.

ORTON, J.  This action was brought to recover the unpaid balance of a $400 note given by the defendants to the plaintiff as the difference on an exchange or trade of lands. The defense was that the plaintiff, as an inducement to the trade, represented, stated, and warranted to the defendants,. immediately before said sale, that part of said land — being about forty acres — was and were good hay meadow; that said lands were then covered with snow, so that they could not be examined so as to ascertain their character in that respect, and the defendant did not know of their character as hay meadow or otherwise, except what the plaintiff had so told, represented, and warranted, and that it was impossible for him then to see or know that the plaintiff's statements, representations, and warranty were false and not true; and that, putting faith, confidence, and reliance in and upon such statements, representation, and warranty,

and believing the same to be true, the defendants made the said trade or exchange and gave the said notes as the supposed difference between the value of said tracts of land; that in fact and truth said lands were not as they were so stated, represented, and warranted to be, and that not more than fifteen acres of said land were good hay meadow or would produce or raise good hay, but were nearly or wholly worthless, and of much less value than they would have been if they had been as so stated, represented, and warranted, and were worth $250 less than they would have been had they been as so stated, represented, and warranted; and that the defendants were thereby damaged in said sum of $250, which they recouped against the plaintiff's claim; and no judgment for any excess is demanded. On the trial the defendants made many attempts, and asked many questions, to prove the said false statements, representations, and warranty set forth in their answer; but on objection — (1) that it is parol evidence in regard to the sale of land; and (2) that it appears in the deed there are several warranties, and you cannot add other warranties by parol,— the court ruled out all of such evidence, and, on motion, directed a verdict for the plaintiff for the whole amount of his claim. From the judgment entered upon said verdict this appeal is taken.

If this defense may be proved by parol, then there is no question but what it constitutes recoupment,—"the right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some cross-obligation of the contract upon which he sues, or because he has violated some duty which the law imposed upon him in the making or performance of that contract." *Schweickhart v. Stuewe, ante,* p. 1. The question, therefore, presented by the numerous exceptions is narrowed down to this: May the damages accruing to the defendants from the breach of the plaintiff's warranty of the *quality* of the

land conveyed to the defendants by deed in this exchange of land be proved by *parol* to defeat the plaintiff's claim. The circuit court held that they could not. The ground assumed by the learned counsel of the respondent is that the deed contained all the covenants which could be proved, and, the contract of the parties being in writing, parol evidence could not be given to alter, vary, change, or add to it. As a general rule, when the contract of the parties is reduced to writing and is apparently complete, the written instrument is supposed to contain the whole contract, and it cannot be varied by parol. This perhaps is the universal rule in respect to contracts relating to personal property. But contracts in respect to the sale and conveyance of land form an exception to this general and salutary rule. It might be more proper to say that such contracts do not come within the general rule. Preceding the conveyance, there is, of course, always an agreement of sale. The deed may contain a very small part of such contract. The deed is made only in execution of the contract. It does not attempt to state the entire agreement in respect to the subject matter, but is merely adapted to transfer the title in part execution of the contract, and is manifestly incomplete. Deeds are supposed to contain only the ordinary covenants of title, and seldom, if ever, contain a covenant of warranty in respect to the *quality* of the land. This deed is in the ordinary form, and contains only the ordinary covenants. Therefore an agreement or covenant of warranty as to the *quality* of the land, and as to many other things which were a part of the prior or contemporaneous agreement of sale, may be shown by parol. Such evidence does not affect the deed or change it in any respect.

This court has recognized this exception in respect to deeds of conveyance in *Hahn v. Doolittle*, 18 Wis. 196, and in *Hubbard v. Marshall*, 50 Wis. 326. This is the general doctrine of the courts of this country. Wood, Pr. Ev. 5690;

2 Whart. Ev. § 1026; *Chapin v. Dobson*, 78 N. Y. 74. The doctrine is well expressed in *Miller v. Fichthorn*, 31 Pa. St. 260. " A conveyance of land may be complete for its purpose, which is to declare and prove the fact of conveyance; yet very naturally and *commonly* it is but a part execution of a prior contract, and *parol* evidence is admissible to show the true consideration for which it was given *and all other parts* of the transaction, provided the fact of conveyance *be not affected by it*." *Carr v. Dooley*, 119 Mass. 294; *McCormick v. Cheevers*, 124 Mass. 262. In *Ludeke v. Sutherland*, 87 Ill. 481, the sale and the conveyance were for 140 acres of land; and, as a part of the agreement of sale, if, on a resurvey the tract should contain more than 140 acres, the grantee was to pay for it at the same rate, and if less, the grantor should restore the excess paid or promised. This agreement was allowed to be proved by parol, and such excess was recouped against the note of the grantee in suit. In *Buzzell v. Willard*, 44 Vt. 44, it was part of the contract of sale that the grantor should put a wheel into the mill. It was allowed to be proved by parol. See, also, *Ingersoll v. Truebody*, 40 Cal. 603; *Kingsbury v. Moses*, 45 N. H. 223. It is useless to prolong the citation of authorities beyond the above, which were furnished by the counsel of the appellant. This doctrine is not shaken or even affected by the authorities in the brief of the respondent's counsel. They relate to agreements which are supposed to be wholly reduced to writing, and in respect to personal property and other transactions.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.