# CHARLESTON.

## WILFONG *et al. v.* JOHNSON *et al.*

Submitted June 19, 1895—Decided Nov. 23, 1895.

1. DEED—PAROL EVIDENCE OF CONSIDERATION.

   A sister agrees to convey to her brother a certain tract of land, and, in consideration thereof, the brother agrees to support their aged father and mother during their natural lives, and that he will bind himself thereto by wri ten contract after the conveyance shall have been made. The sister conveys the land to him, with recital of the receipt of a money consideration of fifty dollars. *Held*, it is competent to show by parol evidence what was the contract between the parties, and what was the real additional consideration for the conveyance of the land, as what the grantee was to do was collateral to the conveyance, and it contained no recital inconsistent with such collateral undertaking or contradictory thereof.

2. DEED—RESCISSION OF CONTRACT.

   The brother, having accepted the conveyance, and having been put in possession of the land, failed and refused to support his father and mother, but made haste to sell and convey the land, and thereby to render any enforcement of his undertaking ineffectual. *Held*, a sufficient ground to rescind the contract and set aside the deed.

3. SALE OF LAND *Pendente Lite*—PURCHASER *Pendente Lite*.

   A purchaser of the land from the brother *pendente lite* need not be brought in as a party to the suit. The law imputes notice to such purchaser, for public policy requires that this real property, specifically sued for, shall abide the result of the suit; and such purchaser is as conclusively bound by the decree as if he had been a party from the beginning.

   A case in which these principles are discussed and applied.

W. G. CONLEY and DAYTON & DAYTON for appellant:

I.—*Answers, &c. can only be filed at rules or in Court.*—38 W. Va. 409.

II.—*Reversal for want of necessary parties.*—10 W. Va. 1; 10 W. Va. 59; 4 W. Va. 531; 4 W. Va. 571; 11 W. Va. 175; 21 W. Va. 2; 21 W. Va. 124; 33 W. Va. 155.

III.—*Compromises favored in law.*—1 Parson's Con. Bk. 2, § 4, p. 438; 1 Ves. Sr. 444; 6 Munf. 406; 2 Rand. 442.

C. O. STRIEBY for appellees, cited 8 W. Va. 291; 10 W. Va. 298; 12 W. Va. 371; 8 W. Va. 174; 20 S. E. Rep. 899; Sand, Suit Eq. 694, 695; 38 W. Va. 409; 11 W. Va. 511; 18 W. Va. 693; 22 W. Va. 444.

HOLT, PRESIDENT:

On appeal from a decree of the Circuit Court of Tucker county entered on the 24th day of June, 1893, affirming a decree of 27th November, 1891, which set aside a deed for fifty six acres of land made by Wilfong and wife to S. O. Johnson.

Plaintiff Sarah E. Wilfong and defendant S. O. Johnson are son and daughter of defendant Richard P. Johnson. Richard P. Johnson and his wife were old and infirm, with no means of support, and unable to maintain themselves by labor. The son S. O. Johnson, agreed with his sister, S. E. Wilfong, to furnish the support for R. P. Johnson; and, in consideration thereof, S. E. Wilfong and her husband, B. J. Wilfong, by deed dated the 15th day of September, 1886, conveyed to defendant S. O. Johnson a certain tract of land in Tucker county, calling to contain fifty six acres. The deed contained nothing on its face showing the true consideration, but recited a consideration of fifty dollars. S. O. Johnson was to bind himself and the land by a separate contract in writing. He failed to support his father and mother, and refused to enter into any written contract binding himself to do so.

In January, 1891, S. E. Wilfong and her husband brought her suit in chancery, making S. O. Johnson and the father, R. P. Johnson, defendants. They alleged the facts as stated above; that he refused to enter into any contract in writing; and that he had failed and refused, and still fails and refuses, to support his father and mother; and that plaintiffs had been compelled to divide with them their moderate means to prevent them from becoming a county charge; and that said S. O. Johnson obtained the deed by said fraudulent device and subterfuge; that it was made for the benefit and maintenance of the father, R. P. Johnson; that plaintiffs have been compelled to support him and his wife since the conveyance of the land, and at

an expense of six hundred dollars; and they pray that the deed may be canceled, or that the land may be sold to pay said sum of six hundred dollars, and for general relief.

Depositions were taken, and then the parties met, and entered into an agreement by which Sarah E. Wilfong and B. J. Wilfong, her husband, bind themselves to dismiss the chancery suit upon the following conditions, *viz:* That the said S. O. Johnson is to furnish one-half of the support of R. P. Johnson and wife, *etc.*, and the parties of the first part bind themselves to furnish one-half of such support; and the parties agree that R. P. Johnson may stay in one of the houses now occupied by B. J. Wilfong, *etc.;* and it closes by saying: "Now, for the true performance of this obligation, the said parties are bound unto each other in the penal sum of one thousand dollars, to be made and levied of their several goods and chattels and tenements. Sealed with our seals, and dated this 20th day of Feb. 1891. [Signed and sealed.]"

The question of law that arises in the case is one of competency of verbal evidence. But in this I see no serious difficulty. The contract was wholly verbal. The performance of it was intended to be, on the one side, by conveyance of the land by the sister to the brother; and, on the other, the brother was to enter into a written contract with her, after the execution of the deed, binding himself to maintain and support their father and mother during their natural lives. Why is it not competent to prove this by parol? If the defendant had executed in that sense the contract on his part, he would have given her some writing whereby he bound himself to maintain his father and mother for life, and would have secured its performance by impressing the land with an express trust to that effect. The contract was intended to be reduced to writing, but the brother, after he had obtained from his sister the possession of the land and the conveyance of the legal title, refused to execute the writing he had agreed to execute, and refused to support, or help support, his father and mother, nor is there any means or way by which or in which he can be compelled to perform his contract; so that there is no effective remedy but to rescind the contract, by setting

aside the conveyance, and restoring to the plaintiff her land. The deed upon its face does not express the contract. It was not intended actually or from anything apparent on its face to do so. It is a thing done, rather than a thing said; and the oral agreement is not at all inconsistent with the deed, or contradictory of anything recited therein. It is the true consideration for making the deed, in addition to the formal money consideration therein recited; and nothing in it shows that it was meant to contain the whole bargain between the parties, but it was the execution on the part of the plaintiff of her part of the contract. See *Green* v. *Batson*, 71 Wis. 54 (36 N. W. 489); *Id.* 5 Am. St. Rep. 194, notes; Browne, Par. Ev. p. 125, § 50; *Lindley* v. *Lacey*, 17 C. B. (N. S.) 578; 1 Greenl. Ev. § 284a; *Thomas* v. *Scutt*, 127 N. Y. 138 (27 N. E. 961). What was to be done in this case was collateral, was consistent with the deed, and not contradictory of any recital contained in it, but, on a well settled doctrine, showed an additional consistent consideration. See full discussion of the subject, and collation of cases *pro* and *con*, in Browne, Par. Ev. pp. 125-178, §§ 50, 51.

Whether this paper could be regarded as an equitable mortgage we need not inquire; yet it clearly evinced the purpose to bind the land for the support of R. P. Johnson. S. O. Johnson at once conveyed the land to J. B. Lambert and B. F. Bennett, and, as plaintiffs claim, refused flatly to furnish anything for the support of Richard Johnson, or to comply with his agreement, but by such conveyance attempted to put the land beyond the reach of plaintiff to make it liable for the support of her father. Instead of dismissing the suit, she went on with it; and on the 27th day of November, 1891, the circuit court, on the bill taken for confessed, pronounced a decree whereby it annulled and set aside, as obtained by fraud, the deed from Mrs. Wilfong and her husband to defendant S. O. Johnson for the tract of land of fifty six acres.

In May, 1892, defendant S. O. Johnson presented his petition, under section 5 of chapter 134 of the Code, praying for the reversal, for various reasons assigned, of the said decree, entered on bill taken for confessed. Mrs. Wilfong

answered this petition. Many depositions were taken on each side, and the cause came on again for final hearing on the 2d day of June, 1893, when the chancellor, refusing to set aside the former decree annulling the deed, dismissed defendant's petition, and gave plaintiff Mrs. Wilfong and husband leave to sue out a writ of possession to cause them to have possession of the land therein decreed them, and defendant Johnson appealed, assigning the following grounds of error:

1. It was error to hear the cause when the first decree was entered upon depositions taken before the cause was matured and set for hearing at rules. This error, if any, amounts to nothing now, for defendant was granted and had a full rehearing, and he took and had read all the depositions he saw fit to take, and plaintiffs retook their depositions.

2. Plaintiffs violated their agreement to dismiss the suit. This comes with a poor grace from a party who shows by what he said and did that he was not only not willing to keep the agreement on his part, but made haste by his sale and conveyance of the land to put it out of the power of his sister to enforce it, as he supposed.

3. That when it was, by defendant's petition, brought to the attention of the court that defendant S. O. Johnson had sold and conveyed the land to Bennett and Lambert, the rules of equity required them to be brought in as parties before destroying their title at its fountain head. One answer to this would be that if they are *bona fide* purchasers for value, it is their place to look after and protect their own interest. The evidence shows that these grantees from defendant Johnson "learned, through an agent who examined the records for them, that Samson O. Johnson had a general warranty deed for the land in controversy from the defendants to the petition Mrs. Wilfong and husband, for a consideration of fifty dollars in hand paid. He found no liens or judgments against the land, and considered Samson O. Johnson's title to the land as good as any other man's title could be to land." But if he had looked further, and in the other clerk's office, he would have found a suit pending for setting aside the deed of which he speaks,

as obtained by misrepresentation and fraud; and whether he looked for it or not, or, having searched the records, failed to find it, this pending suit had the effect of notice to his principal. This doctrine is founded on the policy that real property which is specifically sued for shall abide the result of the suit; for otherwise, by successive alienations, the litigation might be indefinitely prolonged. See *Arnold* v. *Casner*, 22 W. Va. 244; *Zane* v. *Fink*, 18 W. Va. 693; *Harmon* v. *Byram*, 9 W. Va. 511. It does not come within the letter or meaning of section 13 of chapter 139 of the Code, requiring a memorandum of *lis pendens* in certain cases to be recorded. "No decree bindeth any that cometh in *bona fide* by conveyance from the defendant, before the bill is exhibited, and is made no party by bill or order; but when he comes in *pendente lite*, and while the suit is in full prosecution, and without any order of allowance or privity of court, then regularly the decree bindeth. But if there were any intermissions of suit, or the court made acquainted with the conveyance, the court is to give orders upon the special matters according to justice." See Bacon's Ordinances in Chancery, No. 12, 2 Bacon's Works, 479; Wade, Notice, § 337.

Upon the merits, I might rest content by saying that the evidence is conflicting, and there is some conflict on material points. Still, the reading and weighing of it has brought me to the conclusion that the defendant took the conveyance of this land from the plaintiff, his sister, as the consideration of his undertaking and agreement, which was to have been put in writing, to help her to support their father and mother, but that he is endeavoring to keep the land without discharging his duty; and that the *pendente lite* purchaser is trying to help him to pervert the land from the use and purpose to which the plaintiff, the sister, had devoted it. It is plain from his conduct, from what he has failed to do, and what he says he will not do, and, from his pecuniary circumstances, he can not be effectually compelled to do, that there is but one remedy, and that is to rescind the contract. This in effect, the court has done by its decree annulling and setting aside the conveyance, and restoring to the plaintiff the possession of the land. No-

thing is to be returned to him, for he paid nothing; and, as to betterments, he has been compensated by taking and selling the timber, and by the use of the land.

Decree affirmed.