GALLEY FRASHER, *et al.*

*v.*

BAREY FRASHER, *et al.*

(No. 14129)

Decided December 5, 1978.

*Paul A. Ryker* for appellants.

*Kenneth H. Fisher* for appellees.

MILLER, JUSTICE:

Barey Frasher and his wife, Cloie, appeal an order which cancelled a deed given them by their grandfather, Galley Frasher, citing two principal grounds of error. First, that the lower court erred in finding there was a total failure of consideration for the deed when Barey and his wife refused to continue to support the grantors, Galley Frasher and his wife. In this connection, they claim that the obligation to support was by virtue of an oral agreement which was barred by the Statute of Frauds, W.Va. Code, 55-1-1(f).[1] Second, they assert that

---

[1] The pertinent portions of W.Va. Code, 55-1-1, are as follows:
"No action shall be brought in any of the following cases:

. . . .

"(f) Upon any agreement that is not to be performed within a year;

the conduct of grantor Galley Frasher prevented them from performing their support obligation. We affirm the lower court.

The events leading to this litigation are that the grantors, Galley Frasher and his wife, were in their middle seventies and in poor health. They lived in Wayne County in a home on 3.8 acres of land, which was their only substantial asset.

During early March, 1974, Galley Frasher was hospitalized for surgery, and apparently there was some doubt about the prospects for his recovery. At that time, Barey and Cloie, along with their children, moved into the grantors' home to care for Galley's wife. The grantees assumed part of the grocery and utility expenses and assisted with the domestic tasks of cleaning, washing and cooking. After the grantor was released from the hospital, he and his grandson had numerous conversations about the transfer of the house and property. The services of an attorney were sought.

In a meeting at the grantors' home, the attorney was instructed to prepare a deed conveying a remainder interest in the real estate to grantors' grandson Barey and his wife, while reserving a life estate therein to the grantors. No other conditions or restrictive covenants were included in the document. The deed was prepared and subsequently executed on March 26, 1974.

At trial the attorney and several witnesses testified that there were prior discussions between the parties as to the grantees supporting the grantors. It is not disputed that no money was paid for the deed, which recited the value of the property to be $15,500.

Grantees lived on the property, sharing expenses and domestic tasks with grantors until November, 1974. At that time, the grantees left the property and temporar-

"Unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby or his agent. . . ."

ily resided at a cousin's home. The accounts of the parties differ as to what precipitated grantees' departure. Grantee Cloie Frasher testified that there were several incidents between March and November, 1974, in which Galley Frasher made improper advances or physically touched her. She further testified that the last such incident provoked an argument and resulted in her relating the incident to his wife.

After being away from the Frasher property about a week, grantees and their children returned, but the parties were unable to live in harmony. The final incident was triggered by an argument over utility bills. The primary protagonists were Galley Frasher and his granddaughter-in-law. He accused her of calling him a liar and threatened to strike her, but she shoved him away. He threw a coffee cup at her, but missed, and then went to his bedroom and obtained his shotgun. She seized a butcher knife, which her husband took away from her. The grantor brandished the shotgun at her, but his grandson was able to take it away from him. The grantees then obtained a warrant against Galley Frasher for brandishing a deadly weapon, but dropped the charge a few days later after grantees and their children had moved out of the home.

In February of 1975 this suit was filed by Galley Frasher and his wife. The latter died during the pendency of this action.

I

The theory of this suit is that the deed transferring a remainder interest in the real estate was based on the consideration that the grantees would support the grantors for their respective lives. The complaint alleged that the grantees moved off the property and failed to support the grantors, and cancellation of the deed was sought.

The grantees contend the deed contained no express language showing it was given in consideration of their obligation to support the grantors. They further contend

that there was no written support agreement and, consequently, proof of an oral support agreement would not suffice, as it was an obligation that could not be performed within one year, and would thus be barred by our Statute of Frauds, W.Va. Code, 55-1-1(f).

An examination of our law in the area of a deed given in return for support of the grantor demonstrates that it is difficult to formulate many general rules, simply because the cases turn on their particular facts or the specific language of the deed or underlying support agreement.

It may be stated that where equitable relief is sought by way of rescission of a deed for support because of an alleged failure of consideration by the grantee resulting from the grantee's neglect in supporting the grantor, this Court has not required proof of a formal written agreement of support. We have permitted the grantor to show the true nature of the consideration as the obligation to support, even though there is a recited monetary consideration in the deed. Our most analogous case is *Wilfong v. Johnson*, 41 W.Va. 283, 23 S.E. 730 (1895), where the deed was absolute on its face and recited a consideration of $50.00. The Court permitted parol proof of the support obligation to show that there had been a total failure of consideration:

> "The deed upon its face does not express the contract. It was not intended actually or from anything apparent on its face to do so. It is a thing done, rather than a thing said; and the oral agreement is not at all inconsistent with the deed, or contradictory of anything recited therein. It is the true consideration for making the deed, in addition to the formal money consideration therein recited; and nothing in it shows that it was meant to contain the whole bargain between the parties, *but it was the execution on the part of the plaintiff of her part of the contract.* See Green v. Batson, 71 Wis. 54, 36 N. W. 849; Id. 5 Am. St. Rep. 194, notes; Browne, Par. Ev. p. 125, § 50; Lindley v. Lacey, 17 C. B. (N. S.) 578; 1 Greenl. Ev. § 284a; Thomas v. Scutt, 127 N.Y.

138, 27 N. E. 961." [Emphasis added] [41 W.Va. at 286, 23 S.E. at 731]

The emphasized portion from *Wilfong* suggests an answer to the Statute of Frauds argument, which is that the grantor's complete performance of his portion of the oral contract for support, by delivery of the deed, overcomes the defense of the Statute. We have followed the general rule that where one party fully performs on an agreement that would otherwise be barred by the Statute of Frauds, he is entitled to sue the other party for performance. *Stump v. Harold*, 125 W.Va. 254, 23 S.E.2d 656 (1942); *Chitwood v. Collins*, 122 W.Va. 267, 8 S.E.2d 830 (1940); *Wilson v. Starbuck*, 116 W.Va. 554, 556-67, 182 S.E. 539, 540, 102 A.L.R. 485, 487 (1935); *Smith v. Black*, 100 W.Va. 433, 130 S.E. 657 (1925); A. Corbin, *Contracts* §§ 457, 458 (1950); *Restatement of Contracts* §§ 178, 198 (1932); Annot., 6 A.L.R.2d 1053, 1111.

The important point here is that the grantors, as in most support deed cases, do not seek to have the support obligation enforced. Rather, they wish to have the deed rescinded or cancelled because they find the personal services and living conditions unworkable or nonexistent. Consequently, the issue is not whether the oral support obligation should be enforced, but whether it formed the primary consideration for giving the deed, so that there is a failure of consideration for the deed. It was upon this theory that *Wilfong* and most of our other support deed cases relied. *Fox v. Starbuck*, 117 W.Va. 736, 188 S.E. 116 (1936); *Marcum v. Marcum*, 94 W.Va. 686, 120 S.E. 73 (1923); *White v. Bailey*, 65 W.Va. 573, 64 S.E. 1019 (1909); *Goldsmith v. Goldsmith*, 46 W.Va. 426, 33 S.E. 266 (1899).

Since rescission or cancellation of a deed is an equitable remedy, failure of consideration need not be the only basis on which relief may be granted. Other grounds, such as hardship, undue influence or fraud, may be available, as noted in 26 C.J.S. *Deeds* § 21(b):

"The courts consider each case on its own facts and in the exercise of their broad equitable pow-

ers will grant whatever relief will most nearly work out substantial justice. Cancellation or rescission may be granted in such cases, on equitable terms, notwithstanding part of the consideration for the deed was cash paid. The reasons assigned for the granting of such relief are various. Thus, such relief has been said to be justified on the ground of failure of consideration, on the ground of the inadequacy of other remedies, both legal and equitable, on the ground of hardship, or, as shown in § 57 infra, on the ground that the grantee's breach of promise evidences fraud, or constitutes a breach of a condition subsequent, as appears in § 153 infra."

*See generally* 6 G. Thompson, *Real Property* § 3117 (1962); 1 H. Tiffany, *Real Property* § 216 (3rd ed. 1939); Annot., 112 A.L.R. 670; Note, 30 W.Va. L.Q. 120 (1924).

Grantees cite *Oates v. Oates*, 127 W.Va. 469, 33 S.E.2d 457 (1945), and *Farrar v. Young*, ___ W.Va. ___, 216 S.E.2d 575 (1975), for the proposition that the consideration recited in a deed is sufficient to make it valid. They also point to our recent case of *North American Royal Coal Co. v. Mountaineer Developers, Inc.*, ___ W. Va. ___, 239 S.E.2d 673, 675 (1977), as imposing only a minimal standard to determine the adequacy of consideration, which is: ". . . some right, interest, profit or benefit occurring to one party, or some forbearance, detriment, loss or responsibility given, suffered, or undertaken by another." *North American*, however, did not involve a support deed, and as we have previously noted courts, in suits for rescission of a deed for failure of consideration, will look behind the recited consideration where support is claimed as the true consideration for the deed.

*Oates* and *Farrar* do involve support deeds. In *Oates*, an aged husband conveyed his property to his wife and reserved a life estate to himself. The deed recited a consideration of $10.00 and required the grantee, the wife, to attend and provide for the grantor. This Court rejected the theory that the support obligation on the part of the wife was the primary consideration, since:

"In the absence of statutory authority, an agreement between husband and wife by which the wife agrees to perform the domestic duties imposed by the marital relation for a consideration is contrary to public policy and void." [127 W.Va. at 475, 33 S.E.2d at 460]

With the wife's support obligation voided as an element of consideration, the Court concluded that the recited consideration of $10.00 was adequate absent a further showing of "undue influence, duress, fraud, or other vitiating circumstance." 127 W.Va. at 476, 33 S.E.2d at 460. It is apparant that the public policy precluding a wife from having a duty to support her husband rendered the support obligation moot as a factor bearing on the adequacy of the consideration. This makes *Oates* distinguishable from the present case, where there is no legal bar to the grantees' support obligation.

In *Farrar*, suit was filed by the heirs-at-law of a deceased grantor to cancel a deed given by him to his granddaughter and her husband, which provided an obligation for grantor's support. The recited consideration was $1.00. While the heirs contended that the grantees had failed to support the grantor during his lifetime, it is clear that the case turned on the point that the right to support was personal to the grantor and could not be transferred to his heirs:

"There is respectable authority which holds that courts of equity tend to afford the grantor relief when the consideration for the conveyance is maintenance and support of the grantor and the grantee fails or refuses to furnish such support. 26 C.J.S. *Deeds* § 21; *Cales v. Ford*, 126 W.Va. 158, 28 S.E.2d 429 (1943); *Chambers v. Roper*, 119 W.Va. 338, 193 S.E. 570 (1937). Bearing significantly on that proposition is the following language found in 26 C.J.S. *Deeds* § 21:

" 'The right of cancellation for failure to furnish support is personal to the grantor, and is not transferred to his heirs or devisees.' " [216 S.E.2d at 579]

Here, the *Farrar* rule does not apply since the grantors brought this suit to set the deed aside. There are, of course, occasions where the duty to support a third party is clearly spelled out by the grantor in the deed, and in this event the third party may enforce the obligation against the grantee. *Johnson's Administrator v. Billups*, 23 W.Va. 685 (1884). No claim is made here that rights of creditors or third parties are involved. *Wilfong v. Johnson*, 41 W.Va. 283, 23 S.E. 730 (1895); *McClure v. Cook*, 39 W.Va. 579, 20 S.E. 612 (1894).

## II

Grantees contend the evidence did not warrant the conclusion that they failed in their support obligation, as the personal conduct of the grantor, Galley Frasher, rendered such performance impossible. As a general proposition our law on deeds for support favors the grantor and where discord arises between the parties resulting in the cessation of support by the grantee, the grantor is entitled to the benefit of all reasonable doubt. This principle is founded upon the eminently practical consideration that a grantor, by conveying his real estate, has given a substantial asset in return for the rendition of personal services which may be subject to the capriciousness of the grantee. Woven through our support deed cases is the concern that once the deed is given the grantor loses his economic position, and as a consequence has little leverage to ensure that the grantee will render proper support. This rule is found in the syllabus of *Chambers v. Roper*, 119 W.Va. 338, 193 S.E. 570 (1937):

> "Where an aged grantor, by deed, has conveyed property in consideration of an agreement for his maintenance and support, and discord arises between the parties, the grantor is entitled to the benefit of all reasonable doubt, and the property should be restored to him if it can be done without injustice to the grantee."

In *Chambers*, the grantor was a retired railroad employee who at age 72 conveyed his property to a hus-

band and wife in return for their supporting him the rest of his life. As sometimes happens, the parties found they could not live together harmoniously. A substantial part of the problem was the grantor's lifestyle, as summarized by this Court:

> "[W]hen sober, [he] was a perfect gentleman, but he had the habit of becoming intoxicated frequently and when intoxicated, he changed into a person of vile habits, licentious mind and belligerent disposition." [119 W.Va. at 340, 193 S.E. at 571]

Notwithstanding the grantor's contribution to the disharmony, this Court concluded he was entitled to regain the possession of the property. The grantees, however, were entitled to be reimbursed for the improvements they had placed on the property.

In discussing a support deed, we said in *Cales v. Ford*, 126 W.Va. 158, 28 S.E.2d 429, 434 (1943):

> "The policy of the law has been ... to require reasonably strict compliance with any undertaking a grantee may make in respect thereto. Equity has never hesitated to cancel conveyances of this character where the grantee has failed to meet his obligations thereunder, ..." [Citations omitted]

Virginia has much the same rule of construction favoring the grantor of a support deed, as evidenced by the following statement from *Blose v. Blose*, 118 Va. 16, 86 S.E. 911 (1915):

> "The agreement for the support of the grantors thus clearly appearing as a substantial part of the consideration for the conveyance, a court of equity will construe it liberally in favor of the grantors, and will find some means for its enforcement. If there be a doubt as to the place or manner of performance, the doubt will be resolved in favor of the beneficiaries. ..." [118 Va. at 23, 86 S.E. at 914]

*Strock v. MacNicholl*, 196 Va. 734, 85 S.E.2d 263 (1955), follows *Blose* and both cases contain citations to a num-

348

ber of other jurisdictions subscribing to the foregoing rule of construction.

We also recognize that here the trial court heard this case without a jury because it was predicated on equitable principles. Its evaluation of the witnesses and evidence is entitled to peculiar weight and will not be disturbed on appeal unless clearly wrong. *Bailey v. Savage,* ___ W.Va. ___, 236 S.E.2d 203 (1977); *Mahoney v. Walter,* ___ W.Va. ___, 205 S.E.2d 692 (1974).

When the evidence is tested by the foregoing rules, we can find no error in the trial court's holding which absolved the grantor, Galley Frasher, from conduct sufficient to justify a denial of the request for rescission. Tested by the facts found in *Chambers, supra,* his conduct was far less reproachful.

We, therefore, find that the trial court committed no error and affirm its judgment.

*Affirmed.*