# WHEELING.

## McCartney et ux. v. Bolyard et ux.

Submitted June 19, 1883—Decided November 24, 1883.

A case where a bill, filed by the grantors, to set aside and cancel their deed, conveying to their grantees certain real and personal property, in consideration of their maintenance and support secured to them· by said deed, was properly dismissed at the hearing, because the proof wholly failed to sustain the allegations of the bill.

Woods, Judge, furnishes the following statement of the case :

At February rules, 1882, Adam Bolyard and his wife (Sophia) Suffiah filed their bill in the circuit court of Taylor county against Mary Bolyard and her husband, Alexander Bolyard, alleging that by deed dated the 28th of December, 1880, they conveyed to the female defendant, then Mary Funk, then unmarried to said Alexander Bolyard, all of their real estate, which consisted of a farm of one hundred and seven acres in said county, and also all their personal property, consisting of two horses, three cows, two heifers, eight sheep and five hogs, besides the small grain and rough food then on said farm, and certain household and kitchen furniture, the use of which furniture was reserved to said grantors during their lifetime ; that they also reserved the possession of the east room in their dwelling-house on said farm, and the privilege of doing their own cooking as long as they pleased to do the same; that at the time of making the deed they were seventy years of age, had no children and resided alone on the farm with no one to help them. They aver that the sole consideration for the

deed was the agreement on the part of Mary Funk, that she would, with the assistance of said Alexander Bolyard, with whom she shortly thereafter intermarried, sufficiently and properly care for, support and maintain the plaintiffs *in their dwelling-house on said farm* as long as they lived, and at their deaths furnish to them respectable. burials, and that to secure the performance of this agreement on her part, a lien was retained on all the real and personal property conveyed by said deed, and that the defendants, after the deed was executed, acknowledged and delivered, fraudulently erased from the deed the lien reserved on the personal property, and that the female defendant *assisted* by said Alexander procured the plaintiffs to execute said deed to cheat and defraud them.. They further allege, that on the 15th of February, 1881, the defendants, with the four infant children of said Mary, took possession of the land and personal property conveyed to them by the deed, except only, that plaintiff's retained possession of the "east room" and of said "furniture," and that in the month of May, 1881, the said Mary, assisted by said Bolyard, by failing and refusing to furnish the plaintiffs anything to eat, and by insulting language, and by threats of and attempted violences to the persons of the plaintiffs forced them to abandon their dwelling-house, farm and property, and to seek food and shelter with strangers, while the defendants are in possession of the whole real and personal property formerly owned by the plaintiffs, and they aver that the defendants have sold the horses, two of the cows, three calves, the sheep and hogs, and they intend to sell all the personal property named in the deed and use the proceeds; and they pray that the said deed be canceled and the defendants compelled to restore to them the land and property still unsold and to pay for such parts as may have been disposed of, and for the rent of the land and for general relief.

The deed, properly acknowledged before a notary public, whose certificate attached thereto is in proper form duly recorded in said county on January 28, 1881, which was made an exhibit on the bill, "reserved a lien on the land until the above contract is fulfilled"—but none on any of the personal property.

The defendants demurred to the bill, which demurrer was

overruled.  They then filed their joint answer to the bill to which the plaintiffs replied generally.  Neither the bill nor answer was sworn to.

The answer admits the execution of the deed upon the consideration stated in the bill, and that they are bound to perform the agreement, and that a lien was reserved "on the land" until said agreement was fulfilled, "but denied any lien was reserved or intended to be on the personal property, or that they or either of them, or any other person erased or struck out any lien reserved on said personalty.  They admit the plaintiffs were aged and infirm, childless and without assistance, and they aver that, to have been the reason which caused the plaintiffs to desire to make such arrangement. They admit that they entered into possession of the property conveyed to them, on February 15, 1881, and that they continue in possession thereof.  They admit that it is the duty of said Mary assisted by said Alex. Bolyard under the contract to give the plaintiffs "a decent living as long as they live," and to furnish them with "victuals and clothing, and to bury them respectably at their death," and to permit them to live in the "east room" of said dwelling house and to do their own cooking as long as they see proper to do so, and when they are unable to cook, or wait on themselves, then it is the duty of the defendants to do so, in a respectable manner, according to the custom of the country, and to furnish them a horse to ride when required.  They deny that they have ever in anything failed to perform any duty required of them under said deed; or that they ever mistreated or permitted any one to mistreat the plaintiffs while at their house. They aver, that as soon as the deed was executed they began to care and provide for the defendants, and that after they moved into the house they continued to provide for and take care of them until about the month of May, 1881, when the defendants voluntarily, and contrary to defendants' wishes abandoned defendants' house, and refused to return or to permit them to provide for, or to take care of them.  The defendants say that they have always been able, ready and willing and they are still able, ready and willing to perform everything required of them by said deed, and that while plaintiffs remained they were permitted to

occupy said east room and to use their own furniture as provided by the deed, and that during that time, defendants did provide the plaintiffs with everything they needed or asked for; and that their house was still open for them to return whenever they may desire to do so, as they still recognize it to be their duty to support and maintain the plaintiffs at their house on the farm, and they are willing and anxious to do so. They further aver, that since the plaintiffs left their house they have repeatedly asked them to return and be supporteed and maintained by them, which they have utterly refused to do and they in their answer again offer to receive and support them if they will return. They deny that they or either of them by any improper word or act induced the plaintiffs to enter into said contract, and they further aver that the proposition to make the contract came from the plaintiffs, and was reluctantly entered into by the defendants, who since they took possession have greatly improved the land by cleaning it up, making fences and clearing seven or eight acres of new land.

Upon this state of the pleadings the parties on both sides took depositions. Whereupon the court heard the cause and dismissed the plaintiffs' bill with costs, from which decree, the plaintiffs obtained an appeal and *supersedeas* from one of the judges of this Court.

*H. J. Snively* for appellants.

*John W. Mason* for appellees.

Woods, Judge:

The plaintiffs have neither alleged nor attempted to prove any other ground for a cancellation of the deed, or the rescission of the agreement, than that the consideration thereof going to the plaintiffs has wholly failed, by the failure and refusal of the defendants to maintain and support them on the farm in the manner provided for in said contract. As every allegation of the bill looking in that direction is explicitly denied by the answer, the burden of proof to support these allegations of the bill rests upon the plaintiffs. The depositions of the plaintiffs themselves, and of many

other witnesses, covering fifty pages of the printed record in this cause wholly fail to prove any failure or refusal of the plaintiffs to discharge any of the duties imposed on the defendants by the terms of said deed, but they do show beyond all question, that if they have suffered any loss it has been caused by their own conduct in voluntarily abandoning their home and maintenance amply secured to them on the farm by the provisions of the deed.    The personal property transferred to defendants by the deed became their own property, and the plaintiffs had no right to interfere with the disposition of it, and the defendants were free to sell or otherwise dispose of it, and of the proceeds arising from the sale of it in whatever manner they pleased.    The defendants took their own depositions and the deposition of the notary who wrote the deed, and took and certified the acknowledgments of the grantors thereto, whereby every material allegation of the plaintiffs' bill was disproved, and all the affirmative allegations of the defendants' answer were fully established.    We are therefore of opinion that the plaintiffs wholly failed to show themselves entitled to the relief prayed for, and that therefore the circuit court of Taylor county did not err in dismissing the plaintiffs' bill.

The decree of said circuit court is therefore affirmed with costs and thirty dollars damages against the appellants.

The Other Judges Concurred.

Affirmed.