# CHARLESTON.

LIPSCOMB et al v. LOVE.

Submitted June 12, 1893.—Decided November 29, 1893.

1. EQUITY—CANCELLATION OF DEED—SUFFICIENCY OF EVIDENCE.
   A case reversed and bill dismissed, because the proof wholly failed to sustain its allegations, in accordance with the decision of the court in the case of *McCartney* v. *Bolyard*, 22 W. Va. 641.

W. B. MAXWELL for appellant cited 3 Am. & Eng. Ency. L. 908, § 80; Bish. Cont. § 689; Arch. *Nisi Prius*, s. p. 50.

A. B. PARSONS, for appellees.

DENT, JUDGE:

On the 27th day of August, 1890, Eliza II. Lipscomb and William D. Lipscomb executed a general warranty deed, conveying to A. W. Love seventy five acres of land, more or less, in consideration of "a lifetime support." The grantors afterwards becoming dissatisfied filed their bill in the Circuit Court of Tucker county, seeking a cancellation of this deed, and alleging, as the grounds therefor, "that, in accordance to the said stipulation (that is, the stipulation of support) your orators went to the house of the said Love, to be provided for as aforesaid, and said Love, according to his contract, for the period of about one month, carried out the agreement of the said contract according to the letter, and as a christian gentleman, but from that time forward he and his said family became so intolerably abusive, and, among other things, built a small house on low and unhealthy ground, and placed the goods and chattels

of your orators therein, which said premises were unhealthy, and in no way was fit to live in by healthy persons, much less for people aged as your orators; that the said Love has failed to carry out the stipulations of his agreement in the premises, and has furnished your orators with such a scanty support and clothing that they are utterly unable to withstand it or survive; and that, further, they are treated intolerably by the said Love and his family; that on one occasion they went away from the said little building for a short time, and came back, and found the door locked, and they were unable to get in; that a great portion of the time pending the contract of the said Love to support them they have been compelled to go upon the charity of their friends and relatives for support; and that they believe that the whole idea and intention of the said Love in entering into the said contract was to fraudulently get title and possession of the said tract of land without any valuable consideration therefor, and to starve your orators, or compel them to leave, and get their living as best they could, or cause them to become a county charge."

The defendant filed his answer, particularly denying the truth of these allegations, and, in concluding made the following allegations to wit: "Now, by way of conclusion, respondent repeats that he is willing and able to care for these old people and will do so if they will return to him; that he has at all times, while they were with him, given them the best he had about him, and they had an abundance of good, wholesome food, suitable to their age and condition in life, and can have the same again if they will return; that he never had any idea of defrauding them in any way, shape or form, and did not defraud them in any way, shape, or form, and will not defraud them in any way, shape, or form if they will return to him and live with him; that respondent would be willing to let them go and make their way in the world if he could be placed in *statu quo*, but this can not be done, for the reason that he went to expense of fixing them a house, bought them clothes, furnished them food, fuel, etc., made improvements of a permanent character on the land which he got of them, and until he is repaid for all this he is not willing to consent to a

cancellation of the contract and deed, and, besides, the plaintiffs, by their bill, have accused him of fraud and fraudulent designs, and, in order to vindicate himself from these charges, he is compelled to resist the said bill, and object to a rescission of the said deed, and does so object, and now informs the court that he is full handed with proof to sustain each and every allegation of this answer, and he is also able to show to the court that each and every allegation of the said bill which is in conflict with the averments of this answer is false and untrue."

The only admissable evidence the plaintiffs took to sustain the allegations of their bill were their own depositions, and these were positively contradicted by the defendant and his witnesses.

This case comes almost precisely within the decision of this Court in the case of *McCartney* v. *Bolyard*, 22 W. Va. 641, in which Judge WOODS, delivering the opinion of the court, says.: "The plaintiffs have neither alleged nor attempted to prove any other ground for a cancellation of the deed or rescission of the agreement than that the consideration thereof going to the plaintiffs has wholly failed, by the failure and refusal of the defendant to maintain and support them on the farm in the manner provided for in said contract. As every allegation of the bill looking in that direction is explicitly denied by the answer, the burden of proof to support these allegations of the bill rests on the plaintiffs. The depositions of the plaintiffs and of many other witnesses  *  *  *  wholly fail to prove any failure or refusal of the plaintiffs to discharge any of the duties imposed on the defendants by the terms of said deed, but they do show, beyond all question, that, if they have suffered any loss, it has been caused by their own conduct, in voluntarily abandoning their home and maintenance amply secured to them by the provisions of the deed."

Every word above quoted will apply just as truly to this case as to the one then before the Court. Parties who enter into solemn contracts of this character should be made to understand that courts of equity will not set them aside without good substantial grounds for so doing, fully sustained by proof. Dissatisfaction merely is not sufficient

ground for the interference of the court. While our sympathies go out to these old people, yet equity requires that they be held to their contracts in like manner as all others capable of contracting, and that they can not be relieved from the effects of their premeditated undertaking, unless on equitable cause, supported by evidence.

The decree of the Circuit Court being for the plaintiffs without sufficient evidence to sustain it is reversed, and the bill dismissed with costs to the defendant.