# CHARLESTON

AUVIL v. SHAFFER *et al.*

Submitted March 11, 1914.    Decided May 5, 1914.

CANCELLATION OF INSTRUMENTS—*Agreement for Support—Evidence.*

    A case in which rescission of a conveyance for failure of the
grantee to support and maintain the grantor is sought but is not
warranted by the proof.

Appeal from Circuit Court, Barbour County.

Bill by Margaret Auvil against Leander Shaffer and others. Decree for defendants, and complainant appeals.

*Affirmed.*

*J. Hop Woods*, for appellant.

*Leroy V. Holsberry,* for appellees.

ROBINSON, JUDGE:

Plaintiff, Margaret Auvil, conveyed her undivided interest in a small tract of land to her nephew Leander Shaffer, in consideration, as she alleges, of an agreement on his part to support and maintain her. By her bill in equity she sought to get back the title to the land, on the ground that Shaffer had conveyed the land to another and had abandoned his obligation for her support and maintenance. From a decree on full pleadings and proofs, denying her relief, we have this appeal.

The cause as we view it demands no extended opinion. It is unnecessary for us to decide whether a lien on the land for plaintiff's support and maintenance exists by the deed to Shaffer, or whether the land in any way is so charged with plaintiff's support and maintenance that equity, for Shaffer's failure to perform his agreement, would restore the land to plaintiff. These questions are mooted in the briefs. But whatever may be plaintiff's rights when a case arises wherein it appears that the agreement to support and maintain her has not been kept, the evidence in the cause before us warrants the conclusion that plaintiff has been supported and maintained under Shaffer's contract in that behalf. The

evidence amply warrants a finding that as long as plaintiff remained with Shaffer he complied with the contract; that it was by plaintiff's own desire and consent that Shaffer made a transfer of the land to Virginia B. Auvil and the latter assumed the obligation of the contract for plaintiff's support and maintenance; that Virginia B. Auvil furnished plaintiff all that the contract called for until plaintiff by her own accord went to live at the home of Ambrose Nestor; and that Nestor, at the instance of Virginia B. Auvil who paid him therefor out of deference to plaintiff's choice of a home with him, continued such full support and maintenance to the time of the institution of this suit. True, the evidence is conflicting as to the treatment of plaintiff while she was being maintained by Shaffer and by Virginia B. Auvil. It is also conflicting as to whether plaintiff consented that Virginia B. Auvil should take over the land from Shaffer and support and maintain plaintiff in his stead. But it plainly preponderates against the contention of plaintiff that she was not well treated and did not consent. Certain it is that we can not rightly disturb the finding of the chancellor on the evidence in these particulars. Plaintiff released Shaffer from personal performance of the agreement to support and maintain her when she consented that the agreement should be performed by Virginia B. Auvil, and the latter has fulfilled the agreement in every way except as prevented by plaintiff's own desires and notions.

It appears that plaintiff is easily dissatisfied. After living with Shaffer for several months she desired the change to the home of Virginia B. Auvil, and the arrangement was consummated for the latter to take over the land and assume Shaffer's obligation; then after living several months with Virginia B. Auvil plaintiff again became dissatisfied and went away to another place of her choice, the home of Nestor. Yet by a preponderance of the evidence it appears that at each place she was treated kindly and provided for comfortably. There has been no such failure to support and maintain as would entitle plaintiff to the relief for which she prays. The decree must be affirmed. Two former decisions are in point: *McCartney* v. *Bolyard*, 22 W. Va. 641; *Lipscomb* v. *Love*, 38 W. Va. 546. That which Judge DENT said in the case last

cited applies here: "Parties who enter into solemn contracts of this character should be made to understand that courts of equity will not set them aside without good substantial grounds for so doing, fully sustained by proof. Dissatisfaction merely is not sufficient ground for the interference of the court. While our sympathies go out to these old people, yet equity requires that they be held to their contracts in like manner as all others capable of contracting, and that they can not be relieved from the effects of their premeditated undertaking, unless on equitable cause, supported by evidence."

*Affirmed.*