Judge Robertson
delivered the opinion of the Court.
Mrs. Haydon warranted Christopher for $20, and obtained a judgment. Christopher appealed to the circuit court, and there succeeded, by the instructions of the court.
The only evidence on the trial, was that adduced by Mrs. Haydon ; she proved that Cock was indebted to her for the hire of a negro woman, $25 ; that she had procured a warrant against him for the debt, and could have made it; but that Christopher, who stated that he owed Cock about $26, to be credited by a small account due by Cock to him and his partner, not exceeding $6, promised to pay her $20, ii Cock would assent to it; that Cock being informed by Christopher, and her agent, of the proposition, gave his assent, and thereupon Christopher and Cock made a settlement, and agreed that the balance due to Cock was $20, which Christopher then assumed to pay to Mrs. Haydon ; in consideration of which assumpsit, Cock was discharged from her debt, and her warrant dismissed, and Christopher discharged from Cock. It was also proved, that on the day after this arrangement, Cock fled from tiie state, and that Christopher then stated, that his account with himself and partner, was much larger than he had supposed.
This is the substance and legal effect of the evidence. Christopher introduced no witness, and did not attempt to prove how much Cock owed himself and partner, or whether any thing.
On this proof, the court instructed the jury, that .they could not find for Mrs. Haydon, unless the promise.of Christopher had been in writing. To this opinion she excepted, and has prosecuted her writ of error with a supersedeas.
We are at a loss to perceive how the statute of frauds and perjuries can apply to such a promise, as that established in this case. It was not a collateral undertaking, to pay the debt of Cock. It was a direct assumpsit, on a valuable consideration from *383 Mrs. Haydon, to pay his (Christopher’s) own debt. Cock could not, afterwards, have recovered his debt from Christopher, nor could Mrs. Haydon have enforced hers against Cock. The assumpsit of Christopher, therefore, was an original, direct undertaking to pay his own debt, and therefore, is not within the statute. See 1 Comyns on contracts, 58; 3 Burrow, 1886 ; Armstrong vs. Flora, 3 Monroe, 44.
Caperton, for plaintiff; Turner, for defendant.
If we have not given too strong an effect to the evidence, (and we think we have not,) there can be no doubt that Christopher is not protected by the statute of frauds and perjuries. But even if it had not been expressly proved, that Cock was relieved 'from Mrs. Haydon, and Christopher from Cock, certainly the jury had a right to deduce for themselves, such an inference from the circumstances; and if they had believed that Cock was released from Mrs. Ilaydon’s demand, by the acceptance by her of Christopher’s assumpsit, they would have been bound to find for her.
Christopher could not avoid his assumpsit, by alleging, that he was mistaken in the amount of Cock’s debt to the firm, after having procured his release from Mrs. Haydon. Besides, he did not attempt any proof on this point, flfhe court had no right to direct a nonsuit.
In whatever view the instruction of the court and verdict of the jury can be considered, they cannot be sustained.
Judgment reversed and the cause remanded for a new trial.