BUCKSPORT & BANGOR RAILROAD COMPANY *vs.* INHABITANTS OF BREWER.

. Hancock.    Decided May 4, 1877.

*Railroad.    Contract.*

An action cannot be maintained upon a subscription to the capital stock of a railroad company, made upon two conditions, one of which is a condition subsequent that has been performed, and the other a condition precedent that has not been performed.

Whether the conditions in a contract be precedent or subsequent is a question of intent to be determined by considering not only the words of the particular clause, but also the language of the whole contract as well as the nature of the act required and the subject matter to which it relates.

Where the subscription to the capital stock of a railroad company is upon condition that the road "be located through the town of Brewer satisfactory to the selectmen of said town;" such location is upon a condition precedent and must be complied with before a recovery can be had against the town for the sum subscribed.

In such case, it is not sufficient for the company, in an action for the amount subscribed, to allege and prove "that the road was located wisely, prudently and judiciously for the interests of said corporation and said town," without showing that it was also satisfactory to the selectmen.

In such case, the mere silence of the defendants cannot be construed as a waiver.

ON REPORT.

CASE to recover $20,000, subscription to the capital stock of the plaintiff company, alleging a completion of the road and a demand and refusal to pay the subscription, which was in accordance with the following vote of the inhabitants of Brewer at a meeting held December 5, 1871: "That the selectmen be and are hereby author-

ized and instructed to subscribe twenty thousand dollars to the capital stock of the Penobscot and Union River Railroad Company, on the following conditions, viz: The road, when built, shall connect with the European and North American Railroad, and shall be located through the town of Brewer, satisfactory to the selectmen of said town. The town shall not be bound for any further sum than that written by the selectmen acting under the instructions of the town." The name of the plaintiff road was afterwards changed but no point was made of that.

The declaration alleged in one count "that the road was located through the town of Brewer, satisfactory to the selectmen" of said town ; and in another count "that said road was located wisely, prudently and judiciously, for the interests of said corporation and said town of Brewer, and that the selectmen of said town have hitherto unreasonably and fraudulently refused to approve said location as satisfactory to them."

The principal ground of defense was that the subscription was on conditions, one of which was a condition precedent and had not been complied with.

It was in proof that the first condition, "that the road when built shall connect with the European and North American Railroad," had been complied with; and that the road had been located and built through the town of Brewer; but there was no evidence that the selectmen had expressed satisfaction with the location.

*H. D. Hadlock & L. A. Emery,* for the plaintiffs, to the point that the clause requiring the location to be satisfactory to the selectmen was not a condition precedent, cited the following cases: *North Missouri Railroad* v. *Winkler,* 29 Mo. 318. *McMillan* v. *Maysville & Lexington,* 15 B. Mon. (Ky.) 218. *Ashtabula & New Lisbon Railroad* v. *Smith,* 15 Ohio (St.) 328. *Miller* v. *Pittsburgh Railroad,* 40 Pa. St. 237. *Belfast & Moosehead* v. *Brooks,* 60 Maine, 568, 569.

*E. Kent,* with *J. Hutchings,* for the defendants, after some preliminary and technical objections, devoted his argument mainly to the second condition, that the location should be satisfactory to

the selectmen, and contended it was a condition precedent. He said, *inter alia*: "During the investigation of authorities, I turned to my old favorite, Chitty on Pleadings, first volume—a work containing enough sound law, stated with unequaled perspicuity and condensation, to furnish some of the manufacturers of modern law books materials for a whole library. I will quote a single sentence, but it is to the point. 'If the agreement be that one party shall do an act, and that for the doing thereof the other party shall pay a sum of money, the doing thereof is a condition precedent to the payment, and the party who is to pay shall not be compelled to part with his money till the thing be performed.' Chitty's Pleadings, 1. * 322."

Under various views, counsel cited the following cases: *Mill Dam Foundery* v. *Hovey*, 21 Pick. 417, 437, 438, 450. *Martin*, appellant, v. *Pensacola & Georgia*, 8 Fla. 370. *Parker* v. *Thomas*, 19 Ind. 213. *Taylor* v. *Fletcher*, 15 Ind. 80. *No. Missouri Railroad* v. *Winkler*, 29 Mo. 318. *McMillan* v. *Maysville & Lexington*, 15 B. Monroe, (Ky.) 218. *Ashtabula & New Lisbon* v. *Smith*, 15 Ohio, 328. *Chamberlain* v. *Painesville & Hudson*, 15 Ohio, 225. *North Missouri Railroad* v. *Miller*, 31 Mo. 19. *N. & N. W. Railroad*, v. *Jones*, 2 Coldw. (Tenn.) 574. *Warner* v. *Callender*, 20 Ohio. 190. *Conn. & P. Railroad* v. *Baxter*, 32 Vermont, 805. *Troy & G. Railroad*, v. *Newton*, 1 Gray, 544, 546. *McCarren* v. *McNulty*, 7 Gray, 139. *Walker* v. *Orange*, 16 Gray, 193. *Chapman* v. *Lowell*, 4 Cush. 378. *Veazie* v. *Hosmer*, 11 Gray, 396. *Smith* v. *Brady*, 17 N. Y. 173. *Smith* v. *Briggs*, 3 Denio, 73. *United States* v. *Robeson*, 9 Pet. 319. *Wyckoff* v. *Meyers*, 44 N. Y. 143. *Dermott* v. *Jones*, 2 Wall. 1. *Veazie* v. *Bangor*, 51 Maine, 509. *Same*, 53 Maine, 50. *Portland & Oxford* v. *Hartford*, 58 Maine, 23. *Belfast & Moosehead* v. *Moore*, 60 Maine, 561. *Conner* v. *Atwood*, 57 Maine, 100. *Leadbetter* v. *Insurance Company*, 13 Maine, 265. *Worsley* v. *Wood*, 6 T. R. 710. *Johnson* v. *Phœnix Insurance Company*, 112 Mass. 49.

VIRGIN, J. Any city or town, by a two-thirds vote, may raise and appropriate a sum of money not exceeding five per cent. on

its valuation, "to aid in the construction of railroads in such manner as it deems proper; and for such purpose may make contracts with any person or railroad corporation." R. S., c. 51, § 80.

The plaintiffs contend that the subscription contract declared on was made by the defendants in accordance with the authority conferred by the foregoing statute.

Passing all questions of consideration, acceptance, or whether the subscription contains a promise to pay money, or whether the selectmen exceeded their authority, and assuming on all such preliminary matters the view most favorable to the plaintiffs, we come directly to the construction of the subscription in respect to the conditions therein contained.

The subscription, whether of money or stock, is conditional. Such is its express language. The terms are not ambiguous like "provided that" and other similar phrases which do not always import a condition, but the subscription is declared to be made "on the following conditions." The declaration alleges the contract was conditional and avers performance in one count in the very terms of the condition, and undertakes to set out an excuse for neglect of a literal performance in the other.

The contract contains two distinct and independent conditions, one pertaining to the connection of the plaintiffs' road "when built" with the E. & N. A. Railroad on the other side of the Penobscot river, and the other to the location of the same through the town of Brewer. It matters naught that they may be of different natures; for if the former be a condition subsequent and had been fully performed (as the defendants admit) before the commencement of this action, and the latter be a condition precedent and have not been actually performed, then the action cannot be maintained. *Mill Dam Foundery* v. *Hovey,* 21 Pick. 417, 437. *Ticonic Co.* v. *Lang,* 63 Maine, 480. *Porter* v. *Raymond,* 53 N. H. 519.

The controlling question then is: What is the nature of the condition which requires that the road "shall be located through the town of Brewer, satisfactory to the selectmen of said town?" The word "precedent" is not in it; and neither is it essential that it should be to warrant its interpretation as a condition of that

nature. Conditions have no idiom. Whether they be precedent or subsequent is a question purely of intent; and the intention must be determined by considering not only the words of the particular clause, but also the language of the whole contract as well as the nature of the act required, and the subject matter to which it relates. *Sewall* v. *Wilkins*, 14 Maine, 168. *Robbins* v. *Gleason*, 47 Maine, 259. *Schwoerer* v. *Boylston M. Association*, 99 Mass. 285.

Judged by this rule of common sense, we entertain no doubt that this condition was intended and understood by the parties as a condition precedent, and that it was to be strictly performed before the defendants could be held liable.

The defendants were under no moral or legal obligation to aid the plaintiffs. They simply had the legal authority to do so, if they chose; and for that purpose might make any contract, absolute or conditional, not forbidden by law. Observation demonstrated that the mere fact of a railroad passing through some part of a town did not necessarily enrich it; while the particular business of a town and its locality might be such as to warrant a generous subscription in aid of a road passing through a particular part. We can readily understand, therefore, why the defendants, in consulting their own material interests, did not blindly make an absolute subscription of money to the stock of the road, but might make a conditional one from which they might reasonably anticipate direct returns by way of increased railroad facilities, provided the new road could be located where it would better accommodate their business, while river navigation is closed, than the old roads across the river; and not otherwise.

The acts which the two conditions severally required of the plaintiffs are very different in their nature. The first condition contemplated the construction of a railroad bridge across the Penobscot river, together with the purchase or condemnation of sufficient land in the city of Bangor to form a proper connection with the E. & N. A. Railroad, both necessarily involving the outlay of a large sum of money. Had this been the only condition, a very strong implication would have arisen from its very nature that the parties intended the plaintiffs should have the money sub-

scribed to enable them to perform it.    There is a numerous class
of cases of conveyances on conditions to which this one bears a
strong analogy.    Among these are conveyances of farms by fathers
to their sons on condition that the grantees shall support their
respective grantors during life.    *Thomas* v. *Record*, 47 Maine,
500 ; *Bryant* v. *Erskine*, 55 Maine, 153, 156 ; and a conveyance
of land on condition that a certain institute of learning shall be
permanently located thereon.    *Mead* v. *Ballard*, 7 Wall. 290.
The conditions in such cases are in their nature subsequent because
of the implication that the grantee is to have possession and con-
trol of the premises granted for the purpose of fulfilling the con-
dition.    So in a recent case in this state, where a town subscribed
for railroad stock on the condition that the road "shall be built
through the town on the line as run by the engineer," the court
declared the condition to be subsequent.    "The object of the sub-
scription," said Walton, J., "was to furnish the means for building
the road.    Unless the means were first furnished, the road would
not be built.    It would be unreasonable to suppose that it was
within the contemplation of the parties that the road should be
built first and the means furnished afterwards."    *B. & M. L. R.
Co.* v. *Brooks*, 60 Maine, 568.    And if the first condition in the
subscription contract now under consideration were the only one,
we should consider the case last cited decisive of it ; although had
it contained a few additional words it might have been a condition
precedent.    *Portland & Oxford Central* v. *Hartford* 58 Maine,
23.

But as already seen there is another condition entirely distinct
from and independent of the other, and which refers to the loca-
tion only ; and not to the location of the whole line even, but to
so much only as was to be within the limits of Brewer.    The loca-
tion is very different in its nature from the construction.    Location
is one of the earliest preliminaries in the natural order of things
involved in railroad building.    It follows preliminary surveys
which are usually made at the private expense of the projectors
of the road.    Until the directors have determined in good faith
and properly designated the precise place where the road bed
is to be built—which is location—its construction cannot even

be let out to contractors; nor then, even, until a critical final survey, plan and specifications are made for the information of the directors and parties desirous of contracting for its construction. So that the simple location of the road so short a distance, unlike the construction of it, does not require the expenditure of any such sum of money as to reasonably induce the belief that the plaintiffs really supposed, at the time the subscription proposition was made, that they would be entitled to any part of the subscription prior to such a location as would be satisfactory to selectmen, or that their action was in anywise influenced by it. It was the province and bounden duty of the directors to locate their road where, all things considered, the interests of the road and of the public would, in their judgment, be best subserved. The defendants' proposition, we are bound to presume, was not made for an improper purpose, as an inducement to locate to the satisfaction of the defendants, regardless of and contrary to the interests of all others. On the contrary, the common sense of it seems to be that, if upon viewing all the routes through Brewer, the feasibility of that one where, in the opinion of the selectmen, the defendants would be best accommodated, should induce the directors to adopt it, then, and not otherwise, the defendants would be liable. But it seems from the testimony of the engineers that there were objections to such a location.

The authorities cited on this branch of the case on the exhaustive brief of the distinguished counsel for the defendants, fully sustain our conclusion that the condition relating to the location is a condition precedent.

By the express terms of this condition, the location in Brewer was to be "satisfactory to the selectmen of said town." This clause is a substantive part of the condition; and the plaintiffs can have no right of action until they have strictly performed it. If the evidence satisfied us that the location was in fact made "wisely, prudently and judiciously for the interests of said corporation and said town of Brewer," as alleged in the second count, while we might conclude therefrom that the plaintiffs' directors had performed their duty thus far, it would not follow that they had performed the condition; for the satisfaction of the select-

men would still be wanting. The defendants chose to be governed by the judgment of their board of selectmen instead of that of the plaintiffs' engineers, directors, or of a jury, or any other tribunal. The plaintiffs had the same liberty to accept as the defendants had to propose terms. If they accepted, they must be governed by them as they were made. We cannot change them or substitute others. The authorities requiring strict performance are numerous and pointed. Thus where the plaintiff agreed to keep certain roads in good repair for a specified time " to the acceptance and approval of the mayor and the joint standing committee on streets," this court said : "Their acceptance and approval were a stipulated condition precedent to any right to recover payment. . . The plaintiff never having procured nor attempted to procure such acceptance and approval, the nonsuit was properly ordered." *Veazie* v. *Bangor*, 53 Maine, 50. So where the plaintiff agreed to construct a certain road in the manner specified in the order and "to the acceptance of the county commissioners," he was not permitted to prove that the refusal of the commissioners to accept the road as constructed by him was unreasonable. "Otherwise," said the court, "the plaintiff would be released from that part of his contract which bound him to do the work to the acceptance of the commissioners ; and the decision, instead of enforcing the contract es the parties made it, would substitute a new stipulation, namely, that the road should be completed to the acceptance of a jury." *Walker* v. *Orange*, 16 Gray, 193. So an action on an agreement between the plaintiff and a certain society, to make a book-case of a certain kind and specified dimensions, and to finish it in a "good, strong, workmanlike manner, to the satisfaction of the president of the society," is not maintained by proof that it was made and finished according to the terms of the agreement, without proving also that it was satisfactory to, or accepted by the president. "It may be," observed Merrick, J., "that the plaintiff was injudicious or indiscreet in undertaking to labor and furnish materials for a compensation, the payment of which was made dependent upon a contingency so hazardous or doubtful as the approval or satisfaction of a party particularly in interest. But of that he was the sole judge. Hav-

ing voluntarily assumed the obligation and the risk of the contract, his legal rights are to be ascertained and determined solely according to its provisions." *McCarren* v. *McNulty*, 7 Gray, 139, 141. Again, where the plaintiff agreed to make and deliver on a certain day a suit of clothes which were to be made "to the satisfaction of" the defendant, the court said the plaintiff "can recover only upon the contract as it was made ; and even if the articles furnished by him were such that the other party ought to have been satisfied with them, it was yet in the power of the other party to reject them as unsatisfactory. It is not for any one else to decide whether a refusal to accept is or is not reasonable, when the contract permits the defendant to decide himself whether the articles furnished are to his satisfaction." *Brown* v. *Foster*, 113 Mass. 136. To the same purport are numerous cases cited on the defendants' brief. None of these are cases of railroad corporations against subscribers to their stock, but the same in principle and alike decisive. The law is no respecter of persons.

The evidence of the engineers tending to prove that the route actually selected was the most feasible, cheapest and best is entirely immaterial. It has no tendency to show performance, neither does it show any legal excuse for non-performance of the condition on which payment by the defendants was made to depend. There is no pretense that performance was impossible at the time the conditional subscription was made, or that it was subsequently rendered so by the act of God, the law or by the defendants. Co. Litt. 206 *a*. *Blake* v. *Niles*, 13 N. H. 459. *Dermott* v. *Jones*, 2 Wall. 1.

The selectmen took no part in the location which was made. Their opinion was not asked and they did not volunteer any advice. They were a tribunal to decide and not a party whose action or non-action outside of their province could have any influence for or against the defendants. Neither can the mere silence of the defendants be construed as a waiver, since it is consistent with other explanations. *Burlington &c. R. R. Co.* v. *Boestler*, 15 Iowa, 555.                    *Plaintiffs nonsuit.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.