## REESE v. STRICKLAND.

SIMMONS, C. J.—1. Although where "a contract or cause of action" has been reduced to writing its terms cannot be varied by parol cotemporaneous evidence, yet where suit was brought thereon and the defense in part was failure of consideration and there was some evidence to support the same, it was error for the court to charge that "parol evidence cannot be introduced to attack it [the contract or cause of action] in any way, unless said writing is first overthrown by proof of fraud, accident or mistake." To vary the terms of the contract, and to attack the plaintiff's cause of action thereon by pleading and proving failure of consideration, are altogether different things.

2. Assuming that the magistrate charged the jury as alleged in the traverse to his answer, which traverse was found true, the superior court did not err in holding that this charge was erroneous, nor in sustaining the *certiorari* because of the error therein committed.                                    *Judgment affirmed.*

May 15, 1895. Brought forward from the last term.

*Certiorari.* Before Judge HARRIS. Carroll superior court. April term, 1894.

The suit was on a promissory note the amount of which had by credits been reduced to $28. Defendant pleaded the general issue, failure of consideration, and recoupment, alleging that the note was given for a mule guaranteed to him to be a good farm mule, such being the purpose for which he bought it; but that it was worthless as such. The evidence was conflicting both as to the guaranty and as to the condition of the mule. The verdict was against defendant, and by *certiorari* he alleged that the justice erred in charging the jury, that parol evidence was inadmissible to vary the terms of the contract or to get out of paying the note. To the answer of the justice the plaintiff filed a traverse which was found true. This traverse set out the charge of the justice as follows: "Where the parties have reduced their contract or cause of action to writing, such writing is the best evidence of said contract or cause of action; and any agreement made before or at the execution of

the contract, such agreement or conversation is merged therein; and parol evidence cannot be introduced to vary, add to or take from the terms of said contract. In other words, parol evidence cannot be introduced to attack it in any way, unless said writing is first overthrown by proof of fraud, accident or mistake." The *certiorari* was sustained.

Adamson & Jackson, S. E. Grow and W. F. Brown, for plaintiff. Cobb & Brother, for defendant.