NORTHWESTERN CREAMERY COMPANY OF SACRED HEART v. SYVER S. LANNING.[1]

April 19, 1901.

Nos. 12,565—(36).

### Consideration of Instrument—Parol Evidence.

Parol testimony is admissible to show the actual consideration, or want or failure of consideration, for a written promise to pay money.

### No Consideration in Fact.

Held, that there was no consideration for the execution and delivery of the promise in question in this case.

Appeal by plaintiff from an order of the district court for Renville county, Powers, J., denying a motion for a new trial. Affirmed.

*Erick L. Winje,* for appellant.

*G. T. Christianson,* for respondent.

COLLINS, J.

This was an action brought to recover upon a simple agreement, in the following words and figures, namely:

"$20.00.                      Sacred Heart, Minn., June 15, 1894.
On or before the first day of November, 1894, I promise to pay to the Northwestern Creamery Company of Sacred Heart the sum of twenty dollars, payable to the treasurer of said association, with interest after maturity at the rate of ten per cent. per annum.                      "Syver S. Lanning."

The defense was want or failure of consideration.   It appeared from the testimony that the consideration for the agreement was a promise on the part of the plaintiff payee, a proposed corpora-

---

[1] Reported in 85 N. W. 823.

tion, represented by its solicitor for stock subscriptions, to establish a skimming station outside of the village of Sacred Heart, where its creamery was to be built, and near to defendant's farm; and also to issue to the defendant a certificate for one share of the corporate stock of the denomination and value of $20.

The court found the fact to be in accordance with this testimony, and also that there had been an attempt to incorporate, but that there was no incorporation in fact; that there had never been any capital stock; and that, while a creamery had been built and operated at the village, no skimming station had been established or operated outside of the village, as agreed upon by and between the defendant and the plaintiff's solicitor or representative, to whom the agreement was delivered. The conclusion of the court was that the plaintiff was not entitled to recover, because there was no consideration for the promise. The appeal is from an order denying plaintiff's motion for a new trial. It must be affirmed.

1. A consideration therefor was necessary to give validity to the agreement, and it was established by the testimony, and in substance found by the court, that there was an entire want or failure of consideration in this instance for the reasons given. No outside skimming station had been established, and no share of stock had been issued to defendant. It is well established that parol testimony is admissible to show the consideration for a written agreement, as well as to show want or failure of consideration. Such testimony does not tend to vary, alter, or modify the conditions of a written promise to pay. The consideration for this particular promise was not defendant's subscription for stock shares, for he incurred no obligation in this respect. He did not subscribe, and therefore it is not a case where unauthorized oral promises have been made to a subscriber for stock shares. If it were, Minneapolis T. M. Co. v. Davis, 40 Minn. 110, 41 N. W. 1026, would be in point.

2. The defendant did not waive his defense by being present at some of the meetings and taking part therein, for two reasons: First, he was not a subscriber for stock shares; second, the meetings in question attended by him were those in which the location

of the skimming station mentioned was being considered. The defendant attended to secure the location outside the village, as had been promised, and not for general purposes.

Order affirmed.