## SOUTHARD v. ARKANSAS VALLEY & W. RY. CO.

No. 2112, Okla. T.    Opinion Filed July 13, 1909.

(103 Pac. 750.)

1.  **EVIDENCE—Parol Evidence—Railroad Bonus Note—Consideration.** An instrument reciting: "For value received and for benfits accruing to me from the construction of a railroad from some point on the St. L. & S. F. Railroad between S. and T., through the city of P., to connect with the B., E. & S. Railway, * * * I * * * agree to pay to the order of A. V. & W. Railway Company, at the Exchange Bank of P., the sum of two hundred and fifty and no-100 dollars, * * * to become due and payable when said railroad shall be constructed to and into P."—is a contract between the parties.

    (a) No contemporaneous parol condition or consideration may be ingrafted into such contract, so as to add to, vary, or contradict the same, except upon proper allegations of fraud, accident, or mistake.

2.  **BILLS AND NOTES—Validity—False Representations.** When, in the answer, the defense is averred that, prior to the execution of the note or contract, the representatives of the makee, a corporation proposing to construct such railway line, represented, in soliciting or procuring such notes or contracts, which statements were unfounded, that unless the same were entered into the line would be diverted from said city, to the great disadvatage of the property owners of the city, the testimony of the maker of the contracts here in question showing that such representations were not the moving cause of his entering into the contract, held, that such testimony eliminated this queston from the case

3   **BILLS AND NOTES—Legality of Consideration—Railroad Bonus Note.** A promissory note or obligation, payable to a railroad company in aid of the construction of its line between two given points through a certain point, is not void as against public policy—following **Guss v Federal Trust Company,** 19 Okla. 138, 91 Pac. 1046; **Guthrie & W. Ry. Co. v. Rhodes,** 19 Okla. 21, 91 Pac. 1119; **Cooper v. Ft. S. & W Ry. Co.** 23 Okla. 139, 99 Pac. 795; **Cobb v. Wm. Kenefick Construction Co.,** 23 Okla. 449, 100 Pac. 551.

(Syllabus by the Court.)

*Error from District Court, Noble County.*

Action by the Arkansas Valley & Western Railway Company

against R. W. Southard.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*S. H. Harris* and *H. B. Martin,* for plaintiff in error.

*James B. Diggs* and *Russell G. Lowe,* for defendant in error, citing: Okla. St. 1893, § 822; Jones, Law of Evidence (2d Ed.) §§ 459, 468; Wigmore, Law of Evidence, § 2433; *Hubbard v. Marshall,* 50 Wis. 327; *Engelhorn v. Reitlinger,* 122 N. Y. 76; *Fawkner v. Paper Co.,* 88 Iowa, 169; *Sandage v. Mfg. Co.,* 142 Ind. 148; *Railway Co. v. Rhodes,* 19 Okla. 21; Greenhood on Public Policy, pp. 321, 323; Wood on Railways, § 184; *Piper v. Townsite Co.,* 16 Okla. 436; *Farrington v. Stuckey* (Ind. T.) 104 S. W. 647; *Railway Co. v. City of Marshall,* 136 U. S. 393; *Railway Co. v. Robards,* 60 Tex. 545; *Railway Co. v. Hopkins,* 18 Kan. 494; *Chamberlain v. Ry. Co.,* 15 Ohio St. 225; *Bank v. Hendrie,* 49 Iowa, 402.

WILLIAMS, J.  The following questions are raised in the brief by the counsel for the plaintiff in error:

(1) That under a plea of failure of consideration parol evidence is admissible to prove the failure of consideration, although the consideration so shown may be different from or additional to that expressed in the instrument.

(2) When a written instrument states a consideration in general terms, it is competent to show by parol the particulars included in the general consideration, in order to show that there had been a failure in the consideration and the extent of it.

(3) When the route of a proposed railroad is fixed by the charter, and the officers of said railroad company represent to citizens of a community upon the line of such railroad that unless a sum of money is paid the railroad company it will build its road elsewhere, to the injury of such community, and a contract is induced by such means to pay said railroad company a sum of money, such contract rests upon a fraudulent consideration and is void.

(4) When a railroad company, proposing to build a rail-

road through a community, induces the owner of property at a point on its line to agree to pay the railroad a sum of money by promising to locate its depot or station at a given point, to the advantage of such person, and a contract is procured thereby, and the railroad company afterwards fails to locate its depot as agreed, that the consideration fails, and the contract cannot be enforced at the suit of the railroad company.

(5) A railroad corporation, exercising the power of eminent domain, is a quasi public corporation, and in locating its line of railroad and facilities its paramount duty is to the public; and any contract entered into with such railroad company, its officers or agents, to influence the location of its line or facilities, is contrary to public policy and void.

The first, second, and fourth questions will be considered together under subdivision 1.

1. The body of the contract upon which this action is based recites:

"For value received and for benefits accruing to me from the construction of a railroad from some point on the St. Louis & San Francisco Railroad between Sapulpa and Tulsa, I. T., through the city of Perry, in Noble county, to connect with the Blackwell, Enid & Southwestern Railway, I., the undersigned, agree to pay to the order of the Arkansas Valley & Western Railway Company, at the Exchange Bank of Perry, Oklahoma, the sum of two hundred and fifty dollars and no/100, the said amount to become due and payable when said railroad shall be constructed to and into the city of Perry, Oklahoma. It is also provided that, if said road is not constructed before January 1, 1904, this obligation shall be void."

It is insisted by counsel for the plaintiff in error that it is permissible, without proper allegations of fraud, accident, or mistake in its execution, to ingraft onto this contract the additional condition or consideration that the depot of said railroad company at the station of Perry should be located at a given point, and the question arises as to whether or not such testimony is permissible. The following authorities are cited by plaintiff in error to sus-

tain his contention; but, as will hereinafter appear, none. except, possibly one, are applicable to the case at bar:

The case of *Northwestern Creamery Company of Sacred Heart v. Lanning,* 83 Minn. 19, 85 N. W. 823, involves an action on a promissory note which recites: "I promise to pay to the Northwestern Creamery Company of Sacred Heart the sum of twenty dollars." It was held in that case that parol testimony was admissible to show the actual consideration, or want or failure of consideration. In the case at bar the contracted consideration is set out, and the foregoing case is therefore not in point.

In the case of *Reese v. Strickland,* 96 Ga. 784, 22 S. E. 323, the lower court charged the jury that:

"Written evidence is of higher character than oral. Where the parties have reduced their contract or cause of action to writing such writing is the best evidence of said contract or cause of action, and any agreement made before or at the execution of the contract, such agreement or conversation is merged therein, and parol evidence cannot be introduced to vary, add to, or take from the terms of said contract. In other words, parol evidence cannot be introducted to attack it in any way, unless said writing is overthrown by proof of fraud, accident, or mistake."

The Supreme Court of Georgia held that:

"Although, where 'a contract or cause of action' has been reduced to writing, its terms cannot be varied by parol contemporaneous evidence, yet where suit is brought thereon, and the defense in part was failure of consideration, and there was some evidence to support the same, it was error for the court to charge that 'parol evidence cannot be introduced to attack it [the contract or cause of action] in any way, unless said writing is first overthrown by proof of fraud, accident, or mistake.' To vary the terms of the contract, and to attack the plaintiff's cause of action thereon by pleading and proving failure of consideration, are altogether different things."

In the case at bar there was no proof offered by the plaintiff in error tending to show that there had not been constructed a railroad between the points named, through the city of Perry, before January 1, 1904.

As to *Gage v. Lewis,* 68 Ill. 606, that rested upon a statute of that state, and could have no application here.

As to *Wood v. Young,* 5 Wend. (N. Y.) 633, that related to mutual releases given in extinguishment of prior transactions; and it is a universal rule that the consideration may be inquired into, where there is a mistake, accident, or fraud. But in that case the releases and settlement were not permitted to be superseded or set aside on the ground that the evidence was not sufficient to show a mistake.

In the case of *Goward et al. v. Waters,* 98 Mass. 599, the court said:

"Proof of the facts which make out such considerations does not contradict, add to, nor vary the written contract, but tends to support it according to its legitimate and proper interpretation. The allowance of such proof seems to be in accord with the decisions in *Wallis v. Wallis,* 4 Mass. 135, 3 Am. Dec. 210; *Gale v. Coburn,* 18 Pick. (Mass.) 397; *Brewer v. Hardy,* 22 Pick. (Mass.) 376, 33 Am. Dec. 747; *Bullard v. Briggs,* 7 Pick. (Mass.) 533, 19 Am. Dec. 292; *Hinde's Lessee v. Longworth,* 11 Wheat. 199, 6 L. Ed. 454; *Powell v. Monson & Brimfield Manufacturing Co.,* 3 Mason, 347, 359; Fed. Cas. No. 11,357; *McCrea v. Purmort,* 16 Wend. (N. Y.) 471, 30 Am. Dec. 103; *Belden v. Seymour,* 8 Conn. 304, 21 Am. Dec. 661; *Morse v. Shattuck,* 4 N. H. 229, 17 Am. Dec. 419; 2 Phil. Ev. (4th Am. Ed.) 655."

This Massachusetts case, instead of supporting the contention of the plaintiff in error, appears to be a direct authority against it.

The case of *Wilfong et al. v. Johnson et al.,* 41 W. Va. 285, 23 S. E. 730, involved a deed where it recited a given sum of money as the consideration therefor. The court said:

"The deed upon its face does not express the contract. It was not intended, actually or from anything apparent on its face, to do so. It is a thing done, rather than a thing said; and the oral agreement is not at all inconsistent with the deed, or contradictory of anything recited therein. It is the true consideration for making the deed, in addition to the formal money consideration therein recited; and nothing in it shows that it was meant to contain the whole bargain between the parties, but it was the

execution on the part of the plaintiff of her part of the contract. See *Green v. Batson,* 71 Wis. 54, 36 N. W. 849, 5 Am. St. Rep. 194, notes; Brown, Par. Ev. p. 125, § 50; *Lindsey v. Lacey,* 17 C. B. (N. S.) 578; 1 Green. Ev. § 284a; *Thomas v. Scutt,* 127 N. Y. 138, 27 N. E. 961."

This authority seems to be against the contention of plaintiff in error, for it appears to support the rule that, if the instrument on its face expresses the contract, a parol contemporaneous agreement could not be proved to contradict the same.

The .case of *Norton v. Coley,* 45 Miss. 125, was an action to reform a written instrument on account of fraud, accident, or mistake, and has no application to this case under the issues joined.

We' are unable to see wherein any of the foregoing authorities support the rule that the alleged parol contemporaneous agreement is permissible to be proved in this case. But we are further cited to the case of *Missouri, Kansas & Texas Ry. Co. v. Doss* (Tex. Civ. App.) 36 S. W. 497, where the agents of the appellants entered into a contract with the appellees, by which a depot and stock pens were "to be permanently located and maintained at Doss, in consideration of the gift by appellees to the railway company of 5 acres of land free for the stock pens and 200 feet for depot purposes, in addition to the right of way of 100 feet already granted, and also a half interest in the town site of 200 acres. Appellees executed deeds in compliance with their part of the undertaking. The deed conveying the additional right of way or depot grounds and the 5 acres for stock pens, executed March 24, 1887, recites the consideration thus: 'In consideration of the supposed advantage and facilities which it is supposed our lands will derive from the construction and operation of the Gainesville, Henrietta & Western Railway through, over, and across them, and for the further consideration of $10 to us in hand paid.' " The facts as found by the court upon the issues were as follows:

"(1) The verbal contract for the permanent location of the station at Doss, with depot and stock pens, was made, as alleged by appellees, between them and Chief Engineer Wathen and Right of Way Agent Hall, acting in behalf of the Gainesville, Henrietta

& Western Railway Company, and said location was so made in 1887, as said Hall expressed it, 'to stay.' (2) Wathen and Hall had authority to make such contract, and the railway company received and retains the consideration therefor. (3) Appellant company, which was equally bound to respect the contract, violated it, and removed the station, depot, and stock pens, and broke up the town of Doss, in 1892 or 1893. (4) The result was a depreciation in the price of the appellee's lands adjacent to said station equal to the amount of the verdict."

The Texas Court of Civil Appeals sitting at Forth Worth, said:

"Whether the parol agreement for the location of the depot and stock pens was excluded by the terms of the deed of March 24, 1887, reciting the consideration as quoted above, presents the most difficult question in the case, especially in view of the opinion of Justice Bonner in *Railroad Co. v. Garrett*, 52 Tex. 133, and subsequent opinions in line with it. But may not this be distinguished from the Garret Case? There only the ordinary right of way was conveyed, and no extra land for a depot, nor was any depot located in pursuance of the verbal agreement. Here three separate deeds were made, and the depot and stock pens were located and constructed as contemplated. The first bore date December 30, 1886, and was prior to the oral agreement in question. It conveyed the ordinary right of way of 100 feet in width, in consideration, as therein recited, 'of the benefits resulting to the lands of the undersigned by the construction and operation of the railroad hereinafter mentioned, and for the further consideration of six hundred ($600) dollars to us in hand paid by the Gainesville, Henrietta & Western Railway Company. By this deed the railway company secured the usual right of way, and appellees a right to the benefits accruing from the construction and operation thereon of the proposed railroad. By the subsequent deed of March 24, 1887, the right of way (between station No. 2,945 and station No. 2,975) was extended from 100 to 300 feet in width, and the railway company also acquired 'five acres of land to be used by said company exclusively for stock pens,' therein set out by metes and bounds. By the terms, then, in the March deed, 'of the supposed advantages and facilities,' etc., something more must have been contemplated and intended as the inducement to that deed than was covered and already secured by similar recitals in the prior deed. 'The supposed ad-

vantages and facilities' to be derived from 'the construction and operation' of the railway, as recited in the March deed, must have been such as were expected to arise from the use of the additional land conveyed · for the purposes for which it was conveyed, viz., depot and stock pens. Only when so constructed and operated could the additional 'advantages and facilities' which evidently induced the making of the deed be realized. Read in the light of the surroundings and the situation of the parties, then, the recital of the consideration in the March deed is not such as to exclude parol evidence of the full and precise extent thereof. Besides, two deeds were executed in pursuance of the oral contract, and, taken together, they cannot be said to show on their face that either one embodied the entire agreement. While the contents of the deed to the town-site property do not appear in the record, the fact that two were executed as parts of the same transaction itself tends to show that neither expressed the entire agreement, and hence to rebut the inference of completeness in either. There is also the fact of a practical construction by the conduct of the parties arising out of the execution of the oral contract by the location and construction of the depot and stock pens. Upon the whole, this really seems to be a case of deeds executed in pursuance of a more comprehensive verbal agreement, and hence not within the rule, Railway Co v. Jones, 82 Tex. 156, 17 S. W. 534; Thomas v. Hammond, 47 Tex. 52. But if mistaken in these views, we still do not see how appellant is to escape the force of the statute (article 4224, Sayles' Civ. St. 1888), which prohibits the removal of a depot once established. The petition is broad enough to cover this phase of the case also, though it does not refer to the article in question. It alleges the location and removal of the depot and the resultant damages. These conclusions lead to an affirmance of the judgment."

However, in the case of *East Line R. R. Co. v. Garrett,* 52 Tex. 138, the Supreme Court of that state said:

"The deed expressly recites as the consideration the sum of $1 in hand paid by the defendant, and the 'further consideration that the said company will locate its railroad over my lands situated in Marion county.' As this deed was executed by the plaintiff and accepted by the defendant, this recital is more than a bare receipt of the payment of the purchase money. It is also the written evidence of a contract between the parties that the

plaintiff would grant the right of way and that the defendant would construct its road over the same. To permit a parol contemporaneous condition to be ingrafted upon a deed in writing, it should be done upon proper allegation of fraud, accident, or mistake, and upon clear and satisfactory evidence."

In that case it was attempted to show, as an additional consideration for said deed, that certain agents of the railroad company had represented that the company would locate a depot on plaintiff's land, and that by such representation he was induced to convey to the railroad the right of way over said land. As indicated by the foregoing excerpt, the court held that such testimony was incompetent.

But the case of *Louisville, St. Louis & Texas Ry. Co. v. Neafus et ux.*, 93 Ky. 53, 18 S. W. 1030, is further cited, wherein the court said:

"It is stated in the petition that they [appellees] are owners of a tract of land in Meade county, and, proceedings for fixing their damages for way of appellant's railroad over it being then pending, a contract was made between the parties whereby appellant agreed that, if they would convey to it for such way a strip 80 feet wide through the land, and another strip 70 feet wide and 1,200 feet long, it would construct and maintain on the latter strip a depot station; that they, in pursuance of the contract, did June 27, 1887, execute and deliver the required deed, and under it appellant immediately took possession of both strips, and built thereon and has since operated its railroad, yet, though requested, has refused to construct and maintain the depot station as agreed. In the answer it is alleged the real consideration for the agreement on the part of the appellant is the one recited in the deed, not that stated in the petition; and counsel now contend no action can be maintained on the parol contract set out in the petition, because it became merged into the written contract, upon which only can an action for the cause alleged be based. The error of that argument arises from confounding the agreement of the appellant with the consideration for it. It does appear from the deed that the strip of 80 feet, on which is built the main track was conveyed for the recited consideration of 'benefits to be derived from the building of the road and $1 paid,' while a grant of the 70 feet is the only expressed consideration

for the agreement or undertaking of the appellant. But there is no dispute of the alleged parol contract having been made and complied with by appellees, nor variance between the petition and deed in respect to the terms or import of appellant's undertaking; for in the contract it is expressly stipulated that 'the Louisville, St. Louis & Texas Railway Company agrees and undertakes to construct and maintain on said 70 feet a side track and depot station.' Consequently, whether the consideration for the agreement or undertaking by appellant was as stated in the petition or as expressed in the deed is not a material inquiry, except in determining the measure of damages for the breach that appellant does not deny it was guilty of. Nor would recital of the consideration in the deed, even if the action was based upon it, instead of the parol contract, be at all conclusive of the question; for there is no rule better settled by this court than the one allowing a party to show, by parol evidence a consideration in addition to or different from that expressed on the face of the deed or other written memorial of the contract."

This case appears to support the contention of the plaintiff in error, if the rule relative to the consideration expressed in deeds is the same as that of other contracts. But in that event the case of *Gully v. Grubbs*, 24 Ky. 382, does not harmonize with the case of *Louisville, St. Louis & Texas Ry. Co. v. Neafus et ux., supra.* On page 389, in the *Gully v. Grubbs Case,* the court said:

"The authorities on this subject in England, as well as in the states of this Union, are various and contradictory. But we believe that the consistent doctrine, and that which accords best with analogy and with the practice and understanding of mankind, is that an acknowledgment in a deed of the receipt of the consideration is only *prima facie* evidence of payment. The acknowledgment is inserted more for the purpose of showing the actual amount of consideration than its payment, and it is generally inserted in deeds of conveyance, whether the consideration has been paid, or only agreed to be paid. If the consideration has not been paid, such an acknowledgment in a deed would be intended to mean that the specified amount had been assumed by note or otherwise. An ordinary receipt is not conclusive evidence of the facts attested by it. A separate receipt for the price of land would, it seems to us, be much stronger evidence that the money

had been paid, than the customary acknowledgment in the deed of conveyance. At all events it would be as cogent. But it may be contradicted. Why not the other? An attention to the principles upon which parol testimony is admissible to explain or avoid the effect or the apparent import of a writing, may reconcile many, if not all, of the authorities which seem to be in conflict. One of these principles is that, as in certain classes of cases the statute of frauds and perjuries requires writing to vest rights, it would be subversive of the policy of the statute to allow parol testimony to change the legal import of the written evidence of a right adopted, to certify it, therefore, in all such cases, no inferior grade of testimony shall be admitted to supply or control the intrinsic meaning of the writing. Another principle, and one more universal than the former in its application, is that, whenever a right is vested, or created, or extinguished, by contract or otherwise, and writing is employed for that purpose parol testimony is inadmissible to alter or contradict the legal and common-sense construction of the instrument; but that any writing, which neither by contract, the operation of law, nor otherwise, vests or passes, or extinguishes, any right, but is only used as evidence of a fact, and not as evidence of a contract or right, may be susceptible of explanation by intrinsic circumstances or facts. Thus a will, a deed, or a covenant in writing, so far as they transfer or are intended to be evidence of rights, cannot be contradicted or opposed in their legal construction by facts 'aliunde.' But receipts and other writings, which only acknowledge the existence of a simple fact, such as the payment of money, for example, may be susceptible of explanation and liable to contradiction by witnesses. A party is estopped by his deed. He is not to be permitted to contradict it. So far as the deed is intended to pass a right or to be the exclusive evidence of a contract, it concludes the parties to it. But the principle goes no further. A deed is not conclusive evidence of everything which it may contain. For instance, it is not the only evidence of the date of its execution; nor is its omission of a consideration conclusive evidence that none passed; nor is its acknowledgment of a particular consideration an objection to other proof of other and consistent considerations. And by analogy the acknowledgment in a deed that the consideration had been received is not conclusive of the fact. This is but a fact; and, testing it by the rationality of the rule which we have laid down, it may be explained

or contradicted. It does not necessarily and undeniably prove the fact. It creates no right. It extinguishes none. A release cannot be contradicted or explained by parol, because it extinguishes an existing right. But no receipt can have the effect of destroying, *per se,* any subsisting right. It is only evidence of a fact. The payment of money discharges or extinguishes the debt. A receipt for the payment does not pay the debt. It is only evidence that it has been paid. Not so of a written release. It is not only evidence of the extinguishment, but it is the extinguisher itself. The acknowledgment of the payment of the consideration of a deed is a fact not essential to the conveyance. It is immaterial whether the price of the land was paid or not; and the admission of its payment in the deed is generally merely formal. But if it be inserted for the purpose of attesting the fact of payment (as it seldom, if ever, is in this country), it is not better evidence than a sealed receipt on a separate paper would be; and, as we have already said, it seems to us that it would not be as good, for obvious reasons. The practice of inserting such acknowledgments in deeds is very common, whether the consideration has been paid or not. 'For and in consideration of $—— in hand paid,' etc., is a commonplace phrase, which may be found in deeds generally. And it is seldom intended as evidence of payment, or for any other practical purpose, except to show the amount of consideration. To establish the conclusiveness of such loose expressions, therefore, might produce extensive injustice. If a note had been given for the consideration, and afterwards, without payment, a deed be executed for the land, with the common phraseology in relation to the price, would this be conclusive evidence that the notes had been paid off and discharged? Surely not."

The case of *Gully v. Grubbs* was cited at length with approval in the case of *Baum v. Lynn,* 72 Miss. 937, 18 South. 428, 30 L. R. A. 441, and the case of *Baum v. Lynn,* is referred to with approval by Mr. Wigmore in his treatise on Law of Evidence, at section 2433.

In the case of *Louisville, St. Louis & Texas Ry. Co. v. Neafus et ux., supra,* there is no effort made by the Court of Appeals of Kentucky to distinguish that case from *Gully v. Grubbs, supra;* nor is there any intimation that there is any intention, either ex-

pressed or by implication, to overrule the former case, and their fair inference is that that court construed the deed in the latter case as being merely a recital of a consideration, and not in form contractual. But the case at bar involves not a deed, and it is not, therefore, necessary here to determine whether or not, in the event it were a deed, the language would be in its nature contractual. For the instrument here involved is admittedly a contract, and under the authorities cited by the plaintiff in error it is not permissible to prove a parol contemporaneous contract to add to, vary, or contradict a written contract, unless under proper allegations as to fraud, accident, or mistake. This rule is supported by practically an unbroken line of authority where the common law controls. *Engelhorn v. Reitlinger et al.*, 122 N. Y. 79, 25 N. E. 297, 9 L. R. A. 548; *Wilson v. Deen*, 74 N. Y. 531; *Hubbard v. Marshall*, 50 Wis. 327, 6 N. W. 497; *Underwood v. Simonds*, 12 Metc. (Mass.) 277; *Fawkner v. Smith Wall Paper Co.*, 88 Iowa, 169, 55 N. W. 200, 45 Am. St. Rep. 230; *Sandage v. Studebaker Bros. Mfg. Co.*, 142 Ind. 157, 41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 177; *Baum v. Lynn*, 72 Miss. 932; 18 So. 428, 30 L. R. A. 441; *Ferguson v. Rafferty*, 128 Pa. 337, 18 Atl. 484, 6 L. R. A 33; *Parker v. Morrill*, 98 N. C. 232, 3 S. E. 511; *Eighmie v. Taylor*, 98 N. Y. 288; Wigmore on Evidence, § 2433.

In this jurisdiction we are governed by statute, however, which is substantially declaratory of the common law. Section 781 (chapter 15, art. 2, § 52) Wilson's Rev. & Ann. St. 1903 (section 822, St. Okla. 1893), provides that "the execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument." In the case of *Guthrie & Western Ry. Co. v. Rhodes*, 19 Okla. 26, 91 Pac. 1119, this statute is construed, under a bonus note contract very similar to the one involved here, and it was there held that under said statute the execution of a contract in writing supersedes all the oral negotiations or stipulations con-

cerning the terms and subject-matter which preceded or accompanied the execution of the instrument, and where a note was given as subscription to a railroaod to aid in the construction and building of said road, any representations made prior to or contemporaneous with the execution of the note are inadmissible to contradict, change, vary, or add to the conditions or consideration plainly incorporated in and made a part of said note. See, also, *McNinch v. Northwest Thresher Co.*, 23 Okla. 386, 100 Pac. 525; *Threlkeld et al. v. Steward et al.* (decided at this term), *ante*, p. 403, 103 Pac. 630.

Howsoever much we might feel inclined to permit, under the facts here, the introduction of the testimony offered by the plaintiff in error, yet in view of the section of the statute heretofore quoted, and the practically uniform holdings of the courts of this republic, we are not permitted so to do.

2. As to the third proposition, that the charter of the defendant in error shows that Perry was on the originally designated and contemplated line, and that under the authority of the case of *Cooper v. Ft. Smith & Western Ry. Co.*, 23 Okla. 139, 99 Pac. 795, where the representatives of the railway company solicited and procured notes or contracts by threats that the line would be diverted unless the contracts were made when such statements were unfounded, to the great disadvantage of the property owners of the city, such contract is void, the plaintiff in error appears to have eliminated this question from the case by stating in his testimony that the cause that moved him to execute the contract was the statement of the representatives of the defendant in error as to the location of the depot at a designated place. In other words, he showed by his testimony that he had not relied upon any representation other than the location of the depot. Again, there are no allegations of fraud, accident, or mistake relative to the contract upon which this action is based, and without such allegations such defense of plaintiff in error is not available.

3. As to the fifth proposition, that such contract is void on the ground of public policy, in the case of *Guss v. Federal Trust*

*Co.,* 19 Okla. 138, 91 Pac. 1046, the Supreme Court of the territory of Oklahoma said:

"That a note or contract of the character involved in this case is not against public policy has been declared by this court after full consideration. The question is no longer an open one. *W. B. Piper v. Choctaw Northern Townsite & Improvements Company,* 16 Okla. 436, 85 Pac. 965. In the case of *McGuffin v. Coyle & Guss,* 16 Okla. 648, 85 Pac. 954, 86 Pac. 962, 6 L. R. A. (N. S.) 524, decided some months prior to the case just referred to, this court recognized the validity of such contracts, where made for the benefit of the railroad company, but by a divided court denied recovery in that particular case, for the reason that the contract on its face ran to an officer of the company, holding that fact sufficient to authorize the inference that the contract was made for the benefit of the officers of the company, and not for the benefit of the railroad company itself."

See, also, *Guthrie & Western Ry. Co. v. Rhodes,* 19 Okla. 21, 91 Pac. 1119. The decisions of the Supreme Court of the state of Oklahoma, following those of the territory, have sustained contracts as valid where the consideration was the construction of a line of railroad to a certain place or on a given route. *Cooper v. Fort Smith & Western Ry. Co.,* 23 Okla. 139, 99 Pac. 795; *Cobb v. Wm. Kenefick Construction Co.,* 23 Okla. 440, 100 Pac. 551; *Hanna v. Mosher,* 22 Okla. 501, 98 Pac. 358.

The holding of the Oklahoma courts is also supported by the following authorities: *Farrington v. Stucky, Trustee, et al.* (C. C. A.) 165 Fed. 327; *Texas & Pacific Ry. Co. v. City of Marshal,* 136 U. S. 393, 10 Sup. Ct. 846, 34 L. Ed. 385; *Farrington v. Stucky, Trustee, et al.,* 7 Ind. T. 364, 104 S. W. 647; *McClure v. Missouri River, Ft. S. & G. R. Co.,* 9 Kan. 373; *Kansas Pacific Ry. Co. v. Hopkins,* 18 Kan. 494; *Botkin v. Livingston,* 16 Kan. 39; *Cumberland Valley R. Co. v. Baab.,* 9 Watts (Pa.) 458, 36 Am. Dec. 132; *Rhey v. Ebensburg & S. Pl. Road Co.,* 27 Pa. 261; *Berryman v. Trustees of Cincinnati Southern Ry. Co.,* 14 Bush (Ky.) 755; *McMillan v. Maysville & L. R. Co.,* 15 B. Mon. (Ky.) 218, 61 Am. Dec. 181; *Racine County Bank v. Ayers,* 12 Wis. 512; *First National Bank of Cedar Rapids v. Hendrie,*

49 Iowa, 402, 31 Am. Rep. 153; *Cedar Rapids & St. P. R. Co. v. Spafford,* 41 Iowa, 292; *Des Moines Valley R. Co. v. Graff,* 27 Iowa, 99, 1 Am. Rep. 256; *First National Bank v. Hurford,* 29 Iowa, 579; *Freeman v. Matlock,* 67 Ind. 99; *Chicago & A. R. Co. v. Derkes,* 103 Ind. 520, 3 N. E. 239; *Jewett v. Lawrenceburg & U. M. R. Co.,* 10 Ind. 539; *Spartanburg & U. R. Co. v. Degraffenreid,* 12 Rich. Law (S. C.) 675, 78 Am. Dec. 476; *Martin v. Pensacola & G. R. Co.,* 8 Fla. 370, 73 Am. Dec. 713; *Taggart v. Western Md. R. Co.,* 24 Md. 563, 581, 582, 89 Am. Dec. 760; *Detroit, L. & L. M. R. Co. v. Starnes,* 38 Mich. 698; *Bucksport & B. R. Co. v. Brewer,* 67 Me. 295; *International & G. N. R. Co. v. Dawson,* 62 Tex. 260; *Texas & St. Louis Ry. Co. v. Robards,* 60 Tex. 545, 48 Am. Rep. 268; *Chapman v. Mad River & L. E. R. Co.,* 6 Ohio St. 120; *Chamberlain v. Painesville & Hudson Ry. Co.,* 15 Ohio St. 225; *Pixley v. Gould,* 13 Ill. App. 565; *Lyman v. Suburban R. Co. et al.,* 190 Ill. 320, 60 N. E. 515, 52 L. R. A. 645; *Griswold et al. v. Minneapolis, St. P. & S. S. M. Ry. Co.,* 12 N. D. 435, 97 N. W. 538, 102 Am, St. Rep. 572; Greenhood on Public Policy, pp. 321-323; Wood on Railroads, p. 534, § 184.

On the trial of this case in the lower court there was a question presented that the defendant in error was not the owner of the contract sued on; but that point is not insisted upon in the brief of the plaintiff in error, and it is consequently waived. *Noble State Bank v. Haskell et al.,* 22 Okla. 48, 97 Pac. 590.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

Dunn, Hayes, and Turner, JJ., concur; Kane, C. J., not participating.